**Linda M. LACATENA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. 84–CV–1429.

United States District Court, N.D. New York.

March 12, 1992.

Green Zube & Chariff (L. David Zube, of counsel), Binghamton, N.Y., for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., William H. Pease, Asst. U.S. Atty., Syracuse, N.Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### BACKGROUND

Plaintiff Linda Lacatena was denied Social Security disability benefits and lost her administrative appeals. She then retained attorney David Zube on September 9, 1984, to seek judicial review of the denial of those benefits. Following the filing of this action, all litigation was stayed when it became apparent that plaintiff's application for benefits should be redetermined administratively.

The matter was eventually remanded to the defendant, Secretary of Health and Human Services ("the Secretary"), who in turn remanded the matter to an administrative law judge for a hearing. The Appeals Council then issued a decision awarding benefits to the plaintiff on June 20, 1988, in the amount of $14,588.00. Of this total, 25% or $3,647.00 was withheld from the award for possible payment of plaintiff's attorney's fees. Affidavit of L. David Zube, February 26, 1991, Ex. C thereto.

Attorney Zube represented plaintiff Lacatena throughout this administrative stage. For services rendered at the administrative level, Attorney Zube sought and was granted fees by the Social Security Administration in the amount of $550.00.[1] Zube Affidavit, Exs. D and E thereto. Pursuant to 42 U.S.C. § 406(b), attorney Zube is now seeking $3,097.00, the balance of the amount withheld by the Social Security Administration, as fees for services rendered to plaintiff Lacatena in relation to her action in this court. While the Secretary does not object to an award of attorney's fees here, he does object to the amount requested as unreasonable and instead proposes an award of $1,851.20.

### DISCUSSION

In pertinent part, 42 U.S.C. § 402(b) states that when a court renders a judgment for a claimant under the Social Security Act and that claimant was represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b) (West 1988). This statute was construed by the Second Circuit in *Wells v. Sullivan* 907 F.2d 367 (1990) ("*Wells II*"). In *Wells II*, the Court noted that facially § 406(b) does not prevent a plaintiff from promising the attorney a per-

---

1. For the 4.4 hours Mr. Zube worked on this matter, he was reimbursed at an effective hourly rate of $125.00/hour.

centage of the benefits awarded in payment of the fee. *Id.* at 370. Based upon the legislative history, the Second Circuit concluded that congress did not intend to invalidate contingent fee arrangements in social security cases, but merely to limit such fee arrangements to 25% of the claimant's award. *Id.* Expressing concern that failure to honor the contingent fee agreement may result in undue restrictions on plaintiffs' options in securing representation in such cases, the Court held that a requested fee based on a contingent fee arrangement should be enforced unless the district court finds it to be unreasonable. *Id.*

■ In determining reasonableness of the contingency agreement, the Second Circuit found that "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Id.* Although contingency fee arrangements are not to be accepted as per se reasonable in all cases, such arrangements are to be given deference by the court, as they reflect the contractual intent of the parties. *Id.* Thus the court may reduce the amount called for by the contingency agreement only when the amount is found to be unreasonable. *Id.* To determine the reasonableness of a contingency agreement, the court is to consider whether the contingency percentage is within the 25% statutory cap, whether there was fraud or overreaching in making the agreement, and whether the requested amount is so large as to constitute a windfall to the attorney. *Id.* at 372, (citing *McGuire v. Sullivan,* 873 F.2d 974 at 981 (7th Cir.1989)).

In relying on the strength of contingency agreements in social security cases, courts have given little guidance as to what exactly constitutes a windfall so as to render a contingency fee arrangement unreason-

able. The Sixth Circuit has specifically noted its reluctance "to incorporate a scale or grid ... or otherwise attempt to draw a line beyond which a fee becomes unconscionable." *Rodriquez v. Bowen,* 865 F.2d 739, 747 (1989). The *Rodriquez* Court added that a case lacking in material facts and obvious legal research, as well as one submitted on boilerplate pleadings may be grounds for a reduction from the requested contingency agreement amount, but offered no clear examples of how these factors are to be applied. *Id.*

■ The fee agreement between plaintiff Lacatena and attorney Zube stipulated a contingency fee of 25%, the statutory limit. *See* Zube Affidavit, Ex. B thereto. There are no allegations of fraud or overreaching in making that agreement, as evidenced by plaintiff's letter to her attorney confirming her concurrence with the amount stipulated in the contingency agreement. Plaintiff's Memorandum in Response to Secretary's Objections, attachment thereto. The Secretary objects to an award of this amount as unreasonable because, in the Secretary's view, it would constitute a windfall to plaintiff's attorney. Defendant's Objections at 2. Instead, the Secretary proposes an award of $1,851.20, based upon an hourly rate of $104.00. In arriving at this number, the Secretary relies upon the Second Circuit's decision in *Wells v. Bowen,* 855 F.2d 37 (1988) (*"Wells I"*). The Secretary is correct that in *Wells I* the Court viewed the lodestar amount, based on the number of hours worked and a reasonable hourly rate, as the appropriate starting point for determining a reasonable fee. *Id.* at 43. The Secretary is ignoring the fact, however, that the lodestar approach was expressly rejected by the Second Circuit in *Wells II* as inappropriate for evaluating a reasonable fee in a social security case with a contingent fee agreement, which is the situation here. *See Wells II,* 907 F.2d at 371.[2]

---

**2.** The Second Circuit's position is that the lodestar method, which is borrowed from the fee-shifting context, is not the appropriate method for determining a reasonable fee in social security cases containing a contingent fee agreement. *Wells II,* 907 F.2d at 371. *See also,*

*McGuire v. Sullivan,* 873 F.2d 974 (7th Cir.1989). Fee-shifting cases require the courts to determine that the fee awards are fair not only to the plaintiff, but also to the paying defendant. Because successful claimants pay their own attorneys in social security cases, the court should

■ Regardless of the approach taken (lodestar or contingent fee arrangement), the Secretary maintains that the services performed by attorney Zube were "not worth" the requested fee in light of the nature of the services rendered, and thus plaintiff's attorney is only entitled to the lesser amount as recommended by the Secretary. *See* Defendant's Objections at 3. Mindful of the deference to be shown to the contingency agreement, in the court's opinion, the amount requested by attorney Zube does not appear to constitute an unreasonable windfall under these circumstances. *See Wells II*, 907 F.2d at 372. There is no evidence to the effect that plaintiff's case was submitted on boilerplate pleadings or that it lacked issues of material fact or legal research. Furthermore, the number of hours of work does not appear unreasonable given the nature of the case. In fact, because of attorney Zube's experience in handling social security cases, it is highly likely that he expended fewer hours than less experienced attorneys may require. *See* Zube Affidavit at ¶¶ 7–10. The court believes that Mr. Zube should not be penalized for his efficiency by basing his reimbursement on a lower hourly rate.[3]

While recognizing that *Wells II* evinces a strong preference for honoring contingency fee agreements when awarding attorney's fees in social security cases, this court, in future similar cases, will not hold, as a matter of course, that any contingent fee agreement is reasonable. Rather the court will engage in a thorough review of the facts and circumstances of each case. Then, consistent with *Wells II*, the court will scrutinize the contingency percentage, the absence of fraud, and whether an award in accordance with the contingency fee agreement would result in a windfall to the attorney. In that way, the court can

assure itself as well as the parties that an award based upon the contingent fee agreement is a reasonable one. *See Wells II*, 907 F.2d at 372. This approach will continue to encourage attorneys to accept social security cases, thus providing claimants with access to judicial review.

Accordingly, Mr. Zube is awarded attorney's fees in the requested amount of $3,097.00, pursuant to 42 U.S.C. § 406(b).

IT IS SO ORDERED.

---

focus primarily upon the reasonableness of the contingent fee agreement itself. *Wells II*, 907 F.2d at 371.

**3.** It is noteworthy that in his itemized statement of services, attorney Zube included .1 hour for mailing a summons of service, typically a clerical task. The court will not, however, deduct that amount from the attorney's fee award un-

der the circumstances because to do so would have a negligible effect on the overall amount granted and may be contrary to the Second Circuit's position on honoring the contingency fee arrangement. In the future, though, in this court's view, the better practice would be for attorneys to confine their statements of services rendered to *legal services* actually provided.