829 F.2d 35
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. CRAIG, Social Security Number rln-bi-zrvx Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellant.
Mary L. COLE, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellant.
 Nos. 86-2082, 86-2103
 United States Court of Appeals, Fourth Circuit.
 Argued January 9, 1987.
Decided August 25, 1987.
 
 Bruce G. Forrest, Department of Justice (Richard K. Willard, Assistant Attorney General; John P. Alderman, United States Attorney; William Kanter, Department of Justice, on brief), for appellants.
 J. Willard Greer; James Greer Welsh (Timberlake, Smith, Thomas & Moses, P.C., on brief), for appellees.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SIMONS, Senior District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In both of these cases the claimants' applications for social security disability insurance benefits were denied by the Secretary and reversed by the district court on appeal. Petitions for attorneys' fees were filed in each case and the claimants agreed in writing to the fairness of the fees requested. The fees as requested were allowed by the district court. The petitions covered services by the attorneys both in the administrative proceedings as well as in the later court actions in these cases. The Secretary objected to the fees on the ground that the fees were too high because both of these cases are 'routine' cases, and that the legal premise upon which the attorneys' fees were determined was erroneous. We reverse.
 
 
 2
 These cases were consolidated on appeal by consent of the parties.
 
 
 3
 The rule in this circuit is that the court awards attorney fees under 42 U.S.C. 406(b)(1), only for legal representation of a claimant before the court, and that legal services rendered before the agency under 42 U.S.C. 406(b)(2) are compensated for solely by the agency. Morris v. Social Sec. Admin, 689 F.2d 495, 496-97.
 
 
 4
 Since the fees awarded herein were not limited to services before the court, the attorney's fees are vacated and set aside in each case, the judgments of the district court are reversed, and the cases are remanded to the district court with directions to recalculate the attorney fees in each case in accordance with the rule in this circuit.
 
 
 5
 REVERSED and REMANDED WITH DIRECTIONS.