**IT IS HEREBY ORDERED** that defendant's motion for partial summary judgment [# 23] is **granted.**

**Larry ROARK, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant.**

**No. 00–4084–CV–C–REL–SSA.**

United States District Court,
W.D. Missouri,
Central Division.

Aug. 27, 2002.

Dewey Crepeau, Columbia, MO, for plaintiff.

David Detar Newbert, Assistant United States Attorney, Kansas City, MO, for defendant.

## ORDER

LARSEN, United States Magistrate Judge.

Before the court is plaintiff's motion for attorney's fees in the amount of $6,576.00 (25% of plaintiff's accrued benefits, or $9,147.50, minus Equal Access to Justice Act fees of $1,193.75 and $1,377.75 previously received). I find that plaintiff's attorney is entitled to the contingent fee amount, only so far as it relates to the percentage of work performed by him versus his paralegal. Therefore, plaintiff's attorney will be awarded $2,729.78 of the amount previously withheld from plaintiff's accrued benefits.

## I. BACKGROUND

On November 20, 1995, plaintiff applied for disability benefits alleging that he had been disabled since June 15, 1995. Plaintiff's application was denied, and he filed a civil action in federal court on January 12, 1998. That case, number 98–4008–CV–C–6–SSA, was assigned to United States District Judge Howard Sachs who granted a motion to remand on November 5, 1998. Plaintiff's attorney filed a motion for attorney's fees on January 19, 1999, Judge Sachs granted the motion on March 12, 1999, and plaintiff's attorney received $1,193.75 in fees on May 17, 2000.

Meanwhile, plaintiff's case was processed administratively and his claim was again denied. On May 24, 2000, plaintiff filed another action in federal district court, 00–4048–CV–C–REL–SSA, and that case was assigned to me. On September 25, 2001, I entered an order reversing the decision of the Commissioner and remanding the case for an award of disability benefits. On November 20, 2001, plaintiff's counsel filed a motion for attorney's fees, that motion was granted on December 6, 2001, and plaintiff's attorney received $1,377.75 in fees on February 8, 2002.

Both of the previous awards for attorney's fees were granted pursuant to the Equal Access to Justice Act ("EAJA").

On April 16, 2002, plaintiff's attorney, Mr. Crepeau, filed another motion for attorney's fees pursuant to a contingency fee agreement. Mr. Crepeau argues that he is entitled to 25% of plaintiff's back award, or $9,147.50, minus the previously paid EAJA fees, resulting in an award to Mr. Crepeau of $6,576, to be paid from plaintiff's past-due benefits. On April 25, 2002, defendant filed a response in opposition, arguing that the fees are excessive. On April 26, 2002, defendant filed an amended response arguing that the court should approve a fee in the amount of $2,543.50.

With agreement of the parties, this matter was held in abeyance pending the Supreme Court's decision in *Gisbrecht v. Barnhart*.

On May 24, 2002, defendant filed a supplemental response pointing out that plaintiff's attorney's fees as requested represent $623.41 per hour for attorney work, which cannot be deemed reasonable. On May 31, 2002, plaintiff filed a renewed motion for attorney's fees.

## II. CALCULATING ATTORNEY'S FEES

As part of its judgment in social security disability cases, a court may allow

"a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable out of the claimant's past-due benefits. In 1980, Congress enacted the Equal Access to Justice Act, which provides for fees payable by the United States. EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B). Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart,* —— U.S. ——, ——, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

In *Gisbrecht v. Barnhart,* —— U.S. ——, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), the Supreme Court was faced with the following:

> What is the appropriate starting point for judicial determinations of "a reasonable fee for [representation before the court]"? Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits, presumptively reasonable? Or should courts begin with a lodestar calculation (hours reasonably spent on the case times reasonable hourly rate) of the kind we have approved under statutes that shift the obligation to pay to the loser in the litigation?

*Id.* 122 S.Ct. at 1820.

In its discussion, the Court noted that the traditional lodestar method shifts the cost of litigation fees to the loser, whereas in social security disability cases, the cost of litigation fees is being shifted to the prevailing claimant. The Court also noted that in enacting these fee statutes, Congress sought to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees by having the government withhold a portion of the claimant's back benefits for payment to the attorney. Therefore, in interpreting § 406(b), the Court appears to reject the lodestar method in social security disability cases. However, it does not hold that a contingent-fee arrangement must be honored by courts:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). *Within the 25 percent boundary,* as petitioners in this case acknowledge, *the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.*

*Id.* at 1828 (emphasis added).

The Court noted that attorney's fees are "appropriately reduced" based on the character of the representation and the results the attorney achieved. *Id.* at 1828.

> If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pen-

dency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. [A] reviewing court should disallow "windfalls for lawyers" [.]

*Id.* at 1828 (citations omitted).

█ The following factors are cited by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), as those to be considered by courts in determining whether attorney's fees are reasonable:

- The time and labor required.
- The novelty and difficulty of the questions involved.
- The skill requisite to perform the legal service properly.
- The preclusion of other employment by the attorney due to the acceptance of the case.
- The customary fee.
- Whether the fee is fixed or contingent.
- Time limitations imposed by the client or the circumstances.
- The amount involved and the results obtained.
- The experience, reputation and ability of the attorney.
- The undesirability of the case.
- The nature and length of the professional relationship with the client.
- Awards in similar cases.

These factors are generally accepted as being relevant to social security disability cases. *Hyatt v. Barnhart*, 2002 WL 1931995, *12 (4th Cir.Aug. 22, 2002); *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001); *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n. 10 (11th Cir.1992); *Wells v. Sullivan*, 907 F.2d 367, 372 (2nd Cir.1990); *McDonald v. Secretary of Health and Human Services*, 884 F.2d 1468, 1473 (1st Cir.1989).

### Discussion of the Factors

*The time and labor required.* In his second motion for attorney's fees, plaintiff states that his attorney spent 5.5 hours working on the case, and he also billed 9.9 hours of paralegal time. Unfortunately, his bill did not distinguish between what was done by him versus his paralegal. The bulk of the work, 10.7 hours out of the 15.4 hours billed, was spent preparing the brief. However, since the attorney only spent 5.5 hours on the case, clearly his paralegal was instrumental in preparing the brief. The remaining time was spent meeting with the client; preparing the summonses and complaint; and "receiving" various documents including an order granting in forma pauperis status, the defendant's motion for additional time, the court's order granting defendant more time, the answer, the proof of service of summons, and the order substituting parties.

In his third motion for fees, the motion currently pending, plaintiff indicates that a total of 13.25 hours were spent by his attorney in the federal court portion of this case. That would mean he spent 7.75 hours on this case when it was before Judge Sachs.

*The novelty and difficulty of the questions involved.* Plaintiff points out that "it was necessary to show that the ALJ had erred in several respects: (1) not according proper weight to the opinions of the claimant's treating physicians; (2) not considering the claimant's financial situation as an explanation for not seeking additional treatment; and (3) finding that the claimant's subjective complaints were not supported by the record as a whole and therefore not credible." Plaintiff did indeed prevail on all three of these issues. However, the first and third issues are routine and are seen in just about every disability case I have had before me in the

past 11 years. Plaintiff does not explain how any of these issues are novel or difficult.

*The skill requisite to perform the legal service properly.* Plaintiff argues that only a few members of the bar in central Missouri handle social security disability cases, and even fewer are willing to represent claimants in federal court. Therefore, "[c]ounsel must become familiar with the applicable statutes, regulations, procedures, policies, evidentiary rules, and case law which is peculiar only to this area of law. Also essential to the proper handling of these cases is a thorough working knowledge of medical issues and vocational factors."

The weight of authority suggests that most courts consider special expertise in social security law as insufficient to warrant an enhancement, at least in the routine social security benefits case. *See Stockton v. Shalala,* 36 F.3d 49, 50 (8th Cir.1994) (reversing enhancement for attorney's expertise in a "straightforward social security disability case that did not involve particularly difficult or complex issues"); *Raines v. Shalala,* 44 F.3d 1355, 1361 (7th Cir.1995) (holding that the area of social security law cannot in itself be considered such a specialized area of law practice as to warrant, as a general rule, increased fees); *Harris v. Railroad Ret. Bd.,* 990 F.2d 519, 521 (10th Cir.1993) (holding that a "Social Security specialist does not solely by virtue of that expertise fall under the 'special factor' exception"); *Chynoweth v. Sullivan,* 920 F.2d 648, 650 (10th Cir.1990) ("We cannot say that the law of Social Security benefits falls sufficiently outside the mainstream of general legal practice to be automatically entitled to enhancement").

However, I do agree with plaintiff that a thorough working knowledge of medical issues is required to process social security disability cases. The problem is that counsel did not share much of that knowledge with me in his briefs. In his motion for summary judgment filed on May 22, 1998, when the case was before Judge Sachs, counsel's review of the medical records took up one page of the motion. In his second motion, filed when the case was before me, the summary of the medical records again took up one page and was essentially the same thing that appeared in the motion before Judge Sachs.

Furthermore, in that one page of medical records, counsel did not define in layman's terms what was going on medically with plaintiff, but instead recited medical terms that have little if any meaning to the average person. For example, plaintiff's brief states in part as follows:

> The diagnoses were cyclothymia disorder. . . . Dr. Lyle Clark . . . indicates he believes the claimant is not able to be gainfully employed due to ". . . anhedonia". . . . Dr. H.G. Miller . . . found ". . . left upper extremity radiculopathy and radiculitis."

Although the meaning of these terms can be found by performing research, when the research is left to the court rather than done by the lawyer, an additional award of attorney's fees is not generally justified. It takes a significant amount of time for a reviewing judge to look up and research conditions, procedures, medications, etc., merely to determine what they are.[1] The time that passes while a court is researching those medical issues results in an increase in a successful claimant's past-due benefits and, if a contingent-fee award is given, it re-

---

1. For example, I once had a case wherein an attorney argued his client was disabled in part because he suffered from Benign Essen-tial Blepharospasm which, although a dreadful-sounding impairment, is only twitching of the eye.

sults in an increase in the attorney's fee award as well. Justice is not served by rewarding attorneys for leaving the bulk of the medical translation to the courts.

*The preclusion of other employment by the attorney due to the acceptance of the case.* Although plaintiff argues that other income-generating opportunities were precluded by counsel taking this case, plaintiff's counsel only expended 13.25 hours on this case in federal court, both before Judge Sachs and before me. That is less than 2 days.

*The customary fee.* In plaintiff's previous motion for fees, he requested $150 per hour for attorney time and $60 per hour for paralegal time. Because plaintiff's first two motions for fees have been granted, counsel's customary fee has been paid.

*Whether the fee is fixed or contingent.* Plaintiff points out that his attorney agreed to a contingent-fee arrangement and therefore assumed the risk of receiving nothing for his time and effort in the event plaintiff did not prevail. This is obviously an important consideration.

*Time limitations imposed by the client or the circumstances.* Plaintiff did not address this factor in his motion. I am aware of nothing in the record indicating that plaintiff or the circumstances imposed any unusual limitations.

*The amount involved and the results obtained.* The results obtained for plaintiff were indeed substantial. Plaintiff points out that he received accrued benefits of approximately $40,000—plaintiff's back pay award was $39,977.00, and $9,147.50 of that has been withheld by the government for payment of fees.

*The experience, reputation and ability of the attorney.* Plaintiff's attorney has been practicing for 22 years, has significant experience handling social security disability cases, and has an excellent reputation in the legal community.

*The undesirability of the case.* Although plaintiff did not address this factor in his motion, I take judicial notice of the fact that this case was not an ordinary one—the case was processed through the administrative level, through the district court level, back to the administrative level, and back to the district court level. Because of the particular issues involved and the myriad steps that were necessary to obtain a complete record for review, this case probably falls into the "undesirable" category.

*The nature and length of the professional relationship with the client.* Naturally, because of the multiple trips from the administrative process to the federal courts and back, the relationship between plaintiff and his attorney has been ongoing for some time. Plaintiff states that his attorney has been representing him since May 1, 1996.

*Awards in similar cases.* Plaintiff indicates that "[s]ome [courts] consider an hourly range of $100 to over $200 an hour; other Courts have based their award upon the attorney/client fee agreement." As far as a total fee, it has been my experience (after 11 years on the bench) that an average fee in cases before me has been approximately $3,500.

### Analysis

Clearly, the contingent nature of the compensation is an important factor to consider. *Gisbrecht v. Barnhart,* —— U.S. ——, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002); 22 A.L.R.3d 1081 § 7. However, district courts must have some discretion in individual cases to decide how much weight to assign to risks assumed by an attorney in a typical contingent fee agreement. *Wells v. Bowen,* 855 F.2d 37 (2nd Cir.1988). The primary role of plaintiff's counsel in social security disability cases is to present the evidence and the arguments to the presiding judge. If the arguments

are presented in a well-reasoned and well-supported manner, but the evidence is not presented in a way in which the presiding judge can make a determination, a good portion of the work expected from the attorney must be done by the judge in the form of medical research. In addition to all of the other factors discussed above, I find that this one factor, along with the contingent nature of the compensation, is very important in the determination of whether a requested fee is reasonable.

In this case, plaintiff seeks an attorney fee award of $9,147.50. Plaintiff's attorney worked 13.25 of the total 26.65 hours spent before the federal court on this case. That amounts to 49% of the work performed, with the other 51% having been performed by a paralegal. Forty-nine percent of the total amount requested is $4,482.28, which, divided by 13.25 hours, comes to $338.29 per hour. The remaining $4,665.22 of the requested award represents the remaining 51% of the work done, and that work was performed by a paralegal. Dividing the $4,665.22 by the number of hours the paralegal worked (13.65) comes to $341.77 per hour.

 I find that, in light of all of the factors discussed above, the additional award for the percentage of work performed by the attorney is reasonable; however, the additional award for the percentage of work performed by the paralegal is not. Therefore, I will award plaintiff's attorney 49% of one quarter of plaintiff's accrued benefits, minus the amount previously paid for attorney's fees. Additional compensation for work performed by the paralegal will not be awarded.

| | |
|---|---|
| $9,147.50 | 25% of plaintiff's accrued benefits |
| x ___.49 | Percentage of total hours which were performed by attorney (versus paralegal) |
| $4,482.28 | Total award for work performed by attorney |
| −1,752.50 | Amount previously awarded for work performed by the attorney[2] |
| $2,729.78 | Amount due counsel from the 25% withheld by the Commissioner |

### III. CONCLUSION

Based on all of the above, I find that plaintiff's counsel is entitled to the contingent fee amount, only so far as it relates to the percentage of work performed by him versus his paralegal. Therefore, it is

ORDERED that plaintiff's motion for attorney's fees is granted in part. It is further

ORDERED that the Commissioner pay plaintiff's attorney $2,729.78 of the amount previously withheld from plaintiff's accrued benefits. It is further

ORDERED that the Commissioner pay to plaintiff the remaining $6,417.72 of the amount withheld from plaintiff's accrued benefits.

2. In his first motion for attorney's fees, plaintiff was awarded $1,377.75. $594 of that represented fees for paralegal work, and $783.75 represented fees for work performed by counsel. In his second motion for fees, plaintiff was awarded $1,193.75, $225 of which represented paralegal fees and $968.75 represented fees for work performed by the attorney. Therefore, the total amount received by counsel to date for work performed by him is $1,752.50, and for work performed by his paralegal is $819.