John A. COPPETT, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. 197–CV–247.

United States District Court,
S.D. Georgia,
Augusta Division.

Sept. 11, 2002.

Edward B. Claxton, III, Edward B. Claxton, III, LLC, Dublin, GA, for Plaintiff.

Kenneth C. Etheridge, U.S. Attorney's Office, Augusta, GA, for Defendant.

## ORDER

BARFIELD, United States Magistrate Judge.

On November 23, 1998, the Honorable Dudley H. Bowen, Jr., Chief United States District Judge for the Southern District of Georgia, adopted my Report and Recommendation and remanded this matter to the Commissioner of Social Security ("the Commissioner") for the consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). On remand, Plaintiff's application for Social Security Disability Benefits was approved by an Administrative Law Judge on August 25, 2000. With the consent of the parties, the award of benefits to Plaintiff was made the final judgment of the Court on November 30, 2000. (Doc. no. 32). The matter is now before the Court on the motion for attorney's fees filed by Plaintiff's counsel, Edward B. Claxton, III, Esquire ("Movant"), pursuant to 42 U.S.C. § 406(b).[1] (Doc. no. 36).

## I. BACKGROUND

Plaintiff initially filed his claim for Title II disability insurance benefits on Novem-

1. Movant filed the present § 406(b) motion on February 26, 2002. (Doc. no. 36). After the

ber 30, 1993. Movant began his representation of Plaintiff in April 1994 and has represented Plaintiff continuously since that time. After Plaintiff's claim was denied by the Social Security Administration initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). By written decision dated September 28, 1995, the ALJ rejected Plaintiff's application for disability insurance benefits. The denial of Plaintiff's request for review by the Appeals Council made the ALJ's ruling the final decision of the Commissioner. Plaintiff then filed suit in this Court and succeeded in getting his case remanded to the Social Security Administration because the Appeals Council failed to consider the new evidence he had presented to it. (*See* doc. nos. 16, 18). After remand and following another hearing, Plaintiff's application for disability insurance benefits was granted by an ALJ on August 25, 2000. Plaintiff was awarded $74,216.50 in past due benefits by the Social Security Administration.

On Plaintiff's motion, the ALJ's grant of benefits to Plaintiff was made the final judgment of the Court on November 30, 2000. (Doc. no. 32). Pursuant to an agreement between the parties, the Court awarded Plaintiff's counsel $1,937.50 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. no. 29). Movant then moved for an award of attorney's fees out of Plaintiff's past due benefits in the amount of $18,554.12, for his representation of Plaintiff before the Social Security Administra-

tion pursuant to 42 U.S.C. § 406(a). The amount requested by Movant equaled 25% of the past due benefits Plaintiff was awarded, pursuant to a contingency fee contract between Plaintiff and Movant. Initially, and on appeal, the Social Security Administration allowed Movant a fee of only $12,000 for his representation of Plaintiff. Movant now moves in this Court to be awarded $6,554.12 from Plaintiff's past due benefits for his representation of Plaintiff before this Court; said amount representing the difference in the 25% contingency fee and the amount awarded Movant by the Social Security Administration. The Commissioner, opposing the attorney's fees sought by Movant as excessive, has responded to Movant's motion and the motion is now ripe for adjudication.

## II. *DISCUSSION*

 Pursuant to 42 U.S.C. § 406(b), the Court may award a successful claimant's counsel attorney's fees for worked performed before the Court in a "reasonable" amount, not to exceed twenty-five percent (25%) of the total past due benefits awarded to the claimant. These fees are awarded from the past due benefits awarded to the claimant and are withheld from the claimant by the Commissioner. *Id.* This provision supplements 42 U.S.C. § 406(a), which provides that the Commissioner may award attorney's fees to a successful claimant's counsel for work performed before the Social Security Ad-

motion was briefed by both parties, the Supreme Court issued its opinion in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (May 28, 2002), which overruled the Eleventh Circuit's standard for analyzing § 406(b) motions. *See Kay v. Apfel*, 176 F.3d 1322 (11th Cir.1999). Accordingly, the Court ordered the parties to submit new briefs on

the pending motion. (Doc. no. 42). Movant, however, submitted his new brief as a recast § 406(b) motion. (Doc. no. 43). The CLERK of COURT is DIRECTED to terminate this motion. The Court will consider all of the briefs and other materials submitted by the parties in ruling on Movant's original § 406(b) motion.

ministration. *See Gisbrecht,* 122 S.Ct. at 1821–1822. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not "substantially justified." [2] *Gisbrecht,* 122 S.Ct. at 1822. In order to avoid a double recovery of attorney's fees, a claimant's counsel who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his client.[3] *See* Pub.L. 96–481 § 206, 99 Stat. 186 (1985).

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht,* 122 S.Ct. at 1828. The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." [4] *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir.1990).[5] However, "[a] fee pursuant to a contingency contract is not per se reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir.1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "over-

reaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir.1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

In the case at bar, Movant seeks $6,554.12 in attorney's fees, an amount that, combined with the attorney's fee awarded to Movant by the Social Security Administration pursuant to § 406(a), equals twenty-five percent (25%) of the past due benefits awarded to Plaintiff, as provided by the contingency fee agreement. Movant states that he spent 18.7 hours representing Plaintiff in this Court, as well as 45.1 hours representing Plaintiff in proceedings before the Social Security Administration. (Doc. no. 36, Exs. A & I).

---

**2.** Unlike attorney's fees awarded pursuant to § 406(a) and § 406(b)(1), which are paid out of the claimant's past due benefits, attorney's fees awarded pursuant to the EAJA are paid directly by the government. 42 U.S.C. § 2412.

**3.** In this case, Movant has certified that he has already refunded the EAJA award he received to his client.

**4.** Prior to the Supreme Court's *Gisbrecht* decision, Eleventh Circuit precedent directed the Court to first look to the lodestar calcula-

tion and then adjust the resulting attorney's fee upwards or downwards. *See Kay v. Apfel,* 176 F.3d 1322, 1323 (11th Cir.1999).

**5.** In *Gisbrecht,* the Supreme Court resolved a circuit split and adopted the position previously held by the Second, Sixth and Seventh Circuits. *Gisbrecht,* 122 S.Ct. at 1823–1824. Given the lack of cases applying *Gisbrecht* in this circuit, the Court will rely heavily on Second, Sixth and Seventh Circuit cases in ruling on the present motion.

Movant further maintains that he prosecuted Plaintiff's claim for over six years before a fully successful result was achieved. While Movant concedes that this case did not involve any "truly novel or difficult questions," he notes that multiple ALJ's held five separate hearings on this matter, making the case far from simple. (Doc. no. 36 ¶ 10(b)). According to Movant, he has caused no excessive delays in this matter.[6] Finally, Movant asserts that he has represented claimants before the Social Security Administration and the federal courts for over sixteen (16) years and has a "strong" reputation in these matters. (Doc. no. 36, ¶ 10(i)).

In response, the Commissioner argues that the fee requested by Movant is unreasonable. The Commissioner notes that the fee Movant seeks "translates to an hourly rate of $350.49 for 18.70 hours of services." (Doc. no. 44, p. 1). According to the Commissioner this rate is unreasonable because it is more than double Movant's standard hourly rate of $160.00. The Commissioner further contends that Movant only spent seven (7) out of a total of 18.70 hours before this Court working on substantive issues. Additionally, the Commissioner deduces that the fee awarded to Movant by the Social Security Administration translates to an hourly fee of $266.07 for the 45.1 hours of services Movant provided before the Social Security Administration. Because the Commission-

er contends that Movant performed "significantly more extensive" work before the Social Security Administration, she argues that Movant should receive less than $266.07 per hour for his work before this Court. (Doc. no. 44, p. 5). Finally, the Commissioner asserts that Movant did not provide "any court representation that resulted in additional benefits to the plaintiff." (*Id.*). For these reasons, the Commissioner argues that Movant should only be awarded attorney's fees in the amount of $2,992.00, an amount reflecting Movant's normal hourly rate of $160.00.

Upon review of Movant's request for attorney's fees and the contingency fee contract between Movant and Plaintiff, the Court finds that the fee requested by Movant is reasonable. As an initial matter, the Court notes that the requested fee is not greater than the twenty-five percent (25%) statutory limit and that there is no evidence of fraud or overreaching by Movant in making the contingency fee contract with Plaintiff. The Court is also aware of the inherent difficulty in winning disability cases when the disability is primarily based upon mental impairments such as Plaintiff's. The record shows that even after this Court remanded the matter to the Commissioner, an award of benefits to Plaintiff was by no means certain. Thus, there was a chance that Movant would receive no attorney's fees for a substantial amount of work.[7] Additionally, the Court

---

**6.** The Commissioner notes that Movant did receive a thirty-two (32) day extension to file his brief in this Court. (Doc. nos.9–10). Given the time that Plaintiff's claim was pending before being finally resolved, the Court finds that this delay was insubstantial.

**7.** The risk of receiving no fee and the long wait in receiving a fee can make a contingency fee reasonable. As Justice Berger once explained:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate. The difference, however, reflects the time value of money and the risk of non-recovery usually borne by clients in cases where lawyers are paid an hourly rate.

finds that Movant's skill and experience in handling social security cases further shows the reasonableness of the fee he is seeking. *See Lacatena v. Secretary of Health & Human Services*, 785 F.Supp. 319, 322 (N.D.N.Y.1992) (noting that an experienced attorney "should not be penalized for his efficiency by basing his reimbursement on a lower hourly rate").

Conversely, the Commissioner's arguments fail to show that the fee requested by Movant is unreasonable. While a contingency fee translating to an hourly rate of $350.49 is certainly high, it is hardly excessive per se. *See Maier v. Apfel,* No. 95CV9264, 1998 WL 401536 at *1–3 (S.D.N.Y.1998) (approving contingency fee translating to an hourly rate of $438.42); *Mayfield v. Sullivan,* No. 88C10702, 1992 WL 51666 at *2 (N.D.Ill.1992) (approving contingency fee translating to hourly rate of $380.00). Contrary to the Commissioner's contention, the Court further finds that Movant spent the majority of his time before this Court working on substantive issues.[8] Finally, the Court is simply baffled by the Commissioner's argument that Movant did not provide "any court representation that resulted in additional benefits to the plaintiff." (Doc. no. 44, p. 5). The ALJ's decision denying Plaintiff's application for benefits was dated September 28, 1995. (Tr. 13–22). Plaintiff was eventually awarded benefits from June 2, 1993. If Movant had not challenged the ALJ's decision in this Court on Plaintiff's behalf, Plaintiff would not have obtained benefits for any time period prior to September 29, 1995. Accordingly, it is clear that Movant's representation of Plaintiff in this Court did result in additional benefits to Plaintiff.

## III. CONCLUSION

For the above and foregoing reasons, the Court finds that attorney's fees requested by Movant pursuant to 42 U.S.C. § 406(b) do not violate the statutory cap, are not a product of fraud or overreaching, and are reasonable. Accordingly, Movant's motion for attorney's fees is **GRANTED,** in the amount of $6,554.12.

---

*Hensley v. Eckerhart,* 461 U.S. 424, 448–449, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (Burger, J., concurring).

**8.** Inexplicably, the Commissioner fails to consider the 6.0 hours Movants describes as "[c]ontinue preparation of brief with research; preparation of Freedom of Information Act Request" as time spent on substantive issues.