**Marie D. BROWN, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**No. 4:00 CV 00043.**

United States District Court,
W.D. Virginia,
Danville Division.

March 7, 2003.

Jerry L. Williams, Jr., Williams, Luck and Williams, Danville, VA, Robert Allen Williams, Williams, Luck & Williams, Martinsville, VA, for Plaintiff.

John F. Corcoran, U.S. Attorney's Office, Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

KISER, Senior District Judge.

In this case, the plaintiff was awarded $34,566.00 in Social Security disability benefits. The plaintiff's attorney, Robert A. Williams, moved the court to approve an award of attorney's fees in the amount of $8,641.50, which is equal to twenty-five percent of the plaintiff's award. The United States Magistrate Judge's Report and Recommendations recommend that I approve this award. The Commissioner of Social Security has filed a timely objection to the Report and Recommendations, and the plaintiff has not responded in the intervening month. I find that oral argument would not significantly aid the decisional process, and the objection is therefore ripe for disposition. For the reasons stated below, I find that the Commissioner's objection is well-taken, I will not adopt the report and recommendations of the Magistrate Judge, and I will order the award of fees in the amount of $6,000.00 to plaintiff's counsel.

---

1. Counsel's court time therefore constituted approximately 12.3% of his overall time spent

## DISCUSSION

The plaintiff entered into a representation contract with Williams on March 25, 1998. The contract provided that the plaintiff agreed to pay Williams 25% of any award of Social Security benefits obtained through Williams's representation. The Commissioner initially denied the plaintiff's claim for benefits, and the plaintiff appealed to this court. By order dated November 29, 2000, I adopted the Magistrate Judge's report and recommendations in their entirety, awarded judgment to the plaintiff, and remanded the case to the Commissioner solely for the calculation of benefits. The Commissioner calculated that $34,566.00 was the amount of past-due benefits. Plaintiff's counsel spent 43.65 hours of work at the agency level and 6.14 hours of work at the court level.[1]

The Social Security Act provides for the award of attorney's fees for services rendered in judicial proceedings that result in a favorable award to the claimant. 42 U.S.C. § 406(b). The statute provides that the fee must be reasonable and may not in any case exceed 25% of the awarded past-due benefits. *Id.* Similarly, the plaintiff's attorney may petition the Commissioner for an award of attorney's fees in connection with the attorney's services in proceedings before the Commissioner. 42 U.S.C. § 406(a)(2)(A). The agency has established guidelines for the award of agency-related attorney's fees. 20 C.F.R. § 404.1725(b).

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), the Supreme Court held that § 406(b) did not prevent the enforcement of contingent-fee agreements in Social Security cases. Instead, the district court must determine whether the fee generated by such an agreement is reasonable in a particular

on the plaintiff's claim.

case. Notably, however, the Court's holding did not comment on the issue in this case, which is whether a district court can award attorney's fees to the plaintiff's counsel for services rendered before the administrative agency.

■ The statutory scheme and Fourth Circuit precedent indicate that the district court lacks jurisdiction to award attorney's fees for administrative work. Congress clearly divided the two fees: in § 406(a), Congress allocated to the Commissioner the authority to determine fees for work before the agency, and in § 406(b), Congress allocated to the district court the authority to determine fees for work before the court. In *Ray v. Gardner*, 387 F.2d 162 (4th Cir.1967), the court vacated and remanded an award of attorney's fees because the district court improperly considered the attorney's time spent at the agency level:

> In making a general award of a fee, the District Court did not limit its consideration to the successful original judicial proceedings, but apparently considered the administrative proceedings and the claimant's unsuccessful judicial proceedings then before it. As we subsequently held in another case, the Court had no jurisdiction to make an award of a fee for services in the administrative proceedings, *Robinson v. Gardner*, 374 F.2d 949 (4th Cir.1967), nor did it have any jurisdiction to award a fee for services rendered in the later unsuccessful attempt to collect benefits accrued prior to September 1963.

*Id.* at 165. The record does not indicate that plaintiff's counsel has applied to the administrative agency for attorney's fees, but only the agency has the power to make such an award. *See Britton v. Gardner*, 270 F.Supp. 412, 417 (W.D.Va.1967) ("All services rendered in connection with proceedings before the Secretary must be included in a petition directed to him."); *see*

*also Craig v. Bowen*, 829 F.2d 35, 1987 WL 44657 (4th Cir.1987) (unpublished) (vacating and remanding awards of attorney's fees "[s]ince the fees awarded herein were not limited to services before the court").

The Report and Recommendations indicate that the Magistrate Judge considered the fee in relation to the hours that plaintiff's counsel spent at both the administrative level and the court level. It is true that even after *Gisbrecht,* an award by the agency is relevant to the court's decision in one respect—in order to avoid a double recovery under § 406(a) and § 406(b), the court must consider any amount awarded by the agency and ensure that the two combined awards do not exceed 25% of the past-due benefits. *Morris v. Social Security Administration*, 689 F.2d 495 (4th Cir.1982); *see Dodson v. Barnhart*, No. 4:02cv00022, 2002 WL 31927589, *2 n. 3 (W.D.Va.2002) (unpublished) (noting that agency already awarded plaintiff's counsel $4,000 fee, which, when combined with requested $5,000 fee from court, equaled 12.25% of past-due benefits). The fact that an agency fee award factors into a reasonableness analysis, though, does nothing to confer jurisdiction on a district court to award fees for services rendered at the agency level.

■ I recognize that the Magistrate Judge has recently ruled that a contingent fee is indivisible and that, in light of *Gisbrecht,* agency determinations of fee awards in contingent fee cases might go the way of the "Maytag repair man." *Thompson v. Barnhart,* 240 F.Supp.2d 562, 563 (W.D.Va.2003). I respectfully disagree. The law in this circuit is unsettled in the wake of *Gisbrecht,* which negated the previously existing supremacy of the lodestar method at the expense of contingent fees. *See Craig v. Sec'y, Dept. of Health & Human Servs.,* 864 F.2d 324, 327 (4th Cir.1989) (utilizing lodestar method). I do not read anything in *Gisbrecht* that

explicitly alters the statutory allocation of responsibility between the Secretary of Health and Human Services and the nation's district courts. The longstanding precedent in this circuit and nationally indicates that this allocation grants exclusive jurisdiction to the Secretary to determine attorney's fees for services rendered before the agency. *Robinson*, 374 F.2d at 951–52; *see also* Annotation, 22 A.L.R.3d 1081, § 4 (1968 & Supp.2002) (cataloguing cases and characterizing this view as having "no dissent"). Indeed, the Fourth Circuit long ago recognized that inefficiencies might exist under this scheme, and the court invited Congress to consider the advantages of a unified fee application at the district court level. *McKittrick v. Gardner*, 378 F.2d 872, 876 (4th Cir.1967). In the intervening thirty-five years, however, Congress has not taken up the Fourth Circuit's request. Because I can only exercise that jurisdiction which is conferred by the Constitution or Congress, I conclude that I cannot award plaintiff's counsel a fee based on his services before the Social Security Administration. Because the Magistrate Judge recommended to the contrary, I must reject the report and recommendations.

The fact that I cannot compensate plaintiff's counsel for his time at the agency level does not preclude him from applying to the Secretary for his fee. Indeed, under the regulatory scheme recorded at 20 C.F.R. §§ 404.1720–404.1730, there does not appear to be a time limit for such an application. The Social Security Administration gives the attorney 60 days from the date of a favorable decision to file a fee petition; if none is filed, the agency mails a notice to the attorney giving him an additional 20 days to respond.[2] 20 C.F.R. § 404.1730(c)(1)-(2)(i). Notably, though,

these deadlines only determine when the attorney may file a fee petition before the agency pays the benefits to the claimant. After the benefits are paid, the attorney still retains the ability to petition the agency, with no apparent time limit; the only difference is that collection becomes a matter between the attorney and the client rather than one of agency withholding. 20 C.F.R. § 404.1730(c)(2)(ii).

■ I now turn to the question of whether plaintiff's counsel's requested fee is reasonable compensation for his time spent in connection with judicial proceedings. Under *Gisbrecht*, I must review contingent-fee agreements such as this one "to assure that they yield reasonable results in particular cases." 122 S.Ct. at 1828. I perform this task by "looking first to the contingent-fee agreement, then testing it for reasonableness...." *Id.* Plaintiff's counsel bears the burden of demonstrating that his requested fee is reasonable under the circumstances. *Id.*

Because I cannot award fees for services rendered before the agency, I must consider only the 6.14 hours spent in connection with judicial proceedings. A full contingent-fee award of $8,641.50 for 6.14 hours of work computes to an hourly rate of $1,407.41. Such an award would constitute a windfall to plaintiff's counsel. Avoidance of such a windfall is a valid basis for a downward departure in the fee. *Gisbrecht*, 122 S.Ct. at 1828. There is support for a substantial fee, however: there is no doubt that plaintiff's counsel achieved a large measure of success for his client. Plaintiff's counsel is experienced in the field and, by his own count, has handled 900 or more Social Security cases in his career. Additionally, because the defendant initially denied plaintiff's claim, the plaintiff would have been wholly unsuc-

---

**2.** Plaintiff's counsel's time records in this case indicate that he received this notice on September 26, 2001.

cessful without these judicial proceedings. This case also involves a contingent-fee arrangement, so I must account for plaintiff's counsel bearing the risk that he would not win an award for his client and thus would not be paid at all.

■ Balancing the need to avoid a windfall against the recognition of the factors supporting a ·substantial fee, I conclude that a reduction to a fee of $6,000.00 is appropriate. This rewards counsel's experience and the large degree of success achieved in these proceedings, but also recognizes that counsel spent significant time before the agency that cannot be compensated in this forum. As I stated above, plaintiff's counsel still retains the option to petition the Secretary for an amount up to the balance of the contingent fee. Therefore, I will order the defendant to pay to counsel $6,000.00 from the plaintiff's past-due benefits. An appropriate order shall this day issue.

### *ORDER*

Before me in this action are the Report and Recommendations of the United States Magistrate Judge awarding attorney's fees to counsel for the plaintiff. The defendant has filed an objection to the Report and Recommendations. For the reasons stated in the accompanying memorandum opinion, the defendant's objection is **SUSTAINED** and the Magistrate's Report and Recommendations are **NOT ADOPTED**. I hereby **ORDER** and **ADJUDGE** that a fee of $6,000.00 is reasonable and that such amount shall be paid to plaintiff's counsel out of the amount of past-due benefits awarded to the plaintiff.

The Clerk shall send a copy of this order and memorandum opinion to counsel of record.