**Robert E. HEARN, Plaintiff,**

**v.**

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. C–00–21172 EAI.**

United States District Court,
N.D. California,
San Jose Division.

April 30, 2003.

[redacted]

[redacted]

Harvey P. Sackett, San Jose, CA, for Robert E. Hearn.

David W. Shapiro, Jocelyn Burton, Alex G. Tse, Office of the United States Attorney, San Francisco, CA, for Jo Anne B. Barnhart.

ORDER GRANTING PETITIONER HARVEY SACKETT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406

INFANTE, United States Magistrate Judge.

### I. Introduction

Before the court is Plaintiff's counsel's petition for attorney fees in which counsel requests $25,132.50 pursuant to 42 U.S.C. § 406(b), the law allowing federal courts to award attorney's fees out of past-due disability benefits owed to claimants under Title II of the Social Security Act. The Social Security Commissioner states that the overall fee request appears reasonable, but notes that the *de facto* $450 per hour rate may warrant a moderate reduction in the overall sum. For the reasons explained below, Petitioner Harvey Sackett is awarded a fee of $25,132.50.

### II. Background

In November 1997, Plaintiff Robert E. Hearn applied for disability insurance benefits under Title II of the Social Security Act, alleging that he became disabled on

March 7, 1994. On April 15, 1998, Plaintiff retained Harvey Sackett, an attorney who specializes in social security matters, to represent him. Under the terms of the contract, Mr. Sackett's compensation was limited to a contingency fee in the event the lawsuit was successful, specifically a maximum of 25 percent of any past-due disability benefits found to be owed to Plaintiff. Declaration of Robert E. Hearn ¶ 5 ("[O]ur fee agreement ... calls for me to pay Mr. Sackett a sum no greater than 25% of the past-due benefits paid to me by the Social Security Administration if I were to be found 'disabled.' ").

On May 28, 1999, an administrative law judge rendered a partially favorable decision finding Plaintiff disabled for a closed period beginning May 28, 1996 and ending July 31, 1997. This became the final decision of the Commissioner when the Appeals Council denied review. Dissatisfied with this result, Plaintiff filed a complaint in federal district court, and thereafter filed a motion for summary judgment. On October 3, 2001, concluding that defects existed in the original administrative proceeding, this court set aside the Commissioner's decision and remanded the case for further proceedings. Based on his success on appeal in district court, Plaintiff filed a timely application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and on May 2, 2002 this court awarded him $8,725.99.

On remand, the Commissioner ruled that Plaintiff was entitled to monthly disability benefits beginning in September 1994. The January 29, 2003 Notice of Award informed Petitioner that he was awarded a total of $137,850.68 of past due benefits, and that 25 percent of that sum, or $34,462.67, was being withheld from those past benefits due in case attorney's fees were payable to Mr. Sackett under the Social Security Act. Petitioner's Memo-

randum of Points and Authorities ("Mem. P's and A's"), Exh. A.

### III. Applicable Law

Sections 406(a) and (b) of Title II of the Social Security Act governs attorney fees for representation of disability claimants in front of the Commissioner and in federal court. Section 406(a) governs fees for representation in administrative proceedings before the Commissioner. 42 U.S.C. § 406(a). Section 406(b), on the other hand, controls fees for representation in the federal courts, and provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* The attorney's fees are payable from funds withheld from a claimant's past-due disability benefits by the Social Security Administration for work performed by claimant's counsel before the district court on his or her claim for Title II disability benefits under the Social Security Act. An attorney may not charge any fees where representation does not result in an award of back benefits.

Last year, the Supreme Court resolved a split in the circuits in favor of recognizing the primacy of lawful attorney-client fee agreements and against a lodestar approach to determining reasonable attorney fees in cases where claimants prevail in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 1820, 152 L.Ed.2d 996 (2002). The Court concluded that the provision limiting attorney fees to 25 per-

cent of past-due benefits was designed to control, and not to displace, contingent-fee agreements that are within the statutory ceiling. The Court stated that by enacting the 25% fee cap,

> Congress ... sought to protect claimants against "inordinately large fees" and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees." (Citation.) But nothing in the text or history of § 406(b) reveals a "desig[n] to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." (Citation.)

*Id.*, 122 S.Ct. at 1827.

■ Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 1828. A court may exercise its discretion to reduce an attorney's contractual recovery based on the character of the representation and the result achieved. *Id.* For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* To prevent windfalls for attorneys and assist the reviewing court in making a reasonableness determination, the court may require the attorney to submit a record of the hours spent on the case and a statement of the normal hourly rates charged. *Id.*

■ The Equal Access to Justice Act effectively increases the portion of past-due benefits a successful claimant can pocket. *Id.* An EAJA award offsets an award under section 406(b) so that the amount of total past-due benefits actually received by the claimant will be increased by the EAJA award up to the point where the claimant could potentially obtain 100 percent of past-due benefits. *Id.*

## IV. Discussion

■ Pursuant to the holding of *Gisbrecht*, the court has conducted an independent check to assure the reasonableness of the fee request in light of the particular circumstances of this case. 122 S.Ct. at 1828. While recognizing the Commissioner's concern that the requested fee reflects a *de facto* hourly rate of $450, nearly three times the amount of the EAJA hourly rate of $156, the court is satisfied that Mr. Sackett has shown that the fee sought is justified given the circumstances of this litigation.

First, Petitioner does not seek the full 25 percent maximum contingency fee allowed by law at this time. Therefore, the request is within the statutory and contract-based maximum of 25% of past-due benefits. Mr. Hearn was awarded the substantial sum of $137,850.68 of past due benefits. The attorney fee sought, $25,132.50, is equivalent to about 18.2 percent of the past-due benefits owed.

Second, as Mr. Sackett points out, a substantial risk of loss jeopardized Mr. Hearn's case from the beginning. Plaintiff alleged a variety of ailments [1] many of which were not susceptible to clear and straightforward forms of proof, and some of which involved lengthy and complicated medical histories, particularly with respect to the carpal tunnel and pronator terres

---

1. Plaintiff alleged he became disabled in March 1994 due to "(1) knee injury, (2) head injury, conductive aphasia, et al., (3) learning disabilities, (4) hearing loss, ringing in ears, (5) color blindness, (6) allergies, (7) sleep apnea, and (8) carpal tunnel and pronator terres." *Order Setting Aside Commissioner's Decision and Remanding Case* at 2:22–26 (October 3, 2001).

syndromes. Plaintiff's disability claim had already been denied in whole or in part at several levels of agency review prior to the initiation of the civil action in federal court.

Third, any reliance on a non-contingent rate without taking into account the contingent nature of this 42 U.S.C. § 406(b) fee could undercompensate Mr. Sackett. As *Gisbrecht* makes clear, § 406(b) fees are, by law, contingent fees. A Title II plaintiff's attorney like Mr. Sackett may only collect fees from plaintiffs who ultimately receive benefits. Petitioner has shown that an attorney with his experience in the San Francisco bay area earns approximately $300 per hour on a non-contingent basis for legal services. In addition, Mr. Sackett has practiced law for more than 26 years. Since 1980, he has exclusively practiced in the area of Social Security law and has earned a reputation for expertise on the subject. Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a "windfall." *See Gisbrecht*, 122 S.Ct. at 1828. Petitioner agreed to a contingency fee arrangement in which he assumed the risk of receiving nothing for his time and effort if plaintiff was unsuccessful. "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants." *Dodson v. Commissioner of Social Security*, 2002 WL 31927589, *2 (W.D.Va. 2002).

Since *Gisbrecht* was handed down by the Supreme Court, the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements. *See, e.g., Dodson*, 2002 WL 31927589 (granting fee

award of $5,000, equating to $694.44 per hour); *Hussar–Nelson v. Barnhart*, 2002 WL 31664488 (N.D.Ill.2002) (awarding fee of $19,425.25, representing 25% of past due benefits, equivalent to approximately $393 per hour); *Martin v. Barnhart*, 225 F.Supp.2d 704 (W.D.Va.2002) (awarding $10,189.50 for 16.82 hours of court-related work which represented over $605 per hour); *Thompson v. Barnhart*, 240 F.Supp.2d 562 (W.D.Va.2003) (awarding fee of $9,447.25, representing 25% of past due benefits, and equating to a hypothetical rate of $187.55 per hour for work done before both the court and Commission); *Roark v. Barnhart*, 221 F.Supp.2d 1020, 1026 (W.D.Mo.2002) (awarding $2,729.78 of contingent fees to plaintiff's counsel for 13.25 hours on case or $206.02 per hour, but paralegal fees not awarded); *Coppett v. Barnhart*, 242 F.Supp.2d 1380 (S.D.Ga. 2002) (granting $6,554.12 in attorney fees, reflecting 18.7 hours of work, at a hypothetical rate of $350.49 per hour). The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.

Fourth, the value of this case to Plaintiff is substantially more than the past-due benefits on which the fee is based. Based on the judgment, Mr. Hearn will receive not only past-due benefits, but also ongoing Title II benefits until he dies, reaches retirement age, or becomes no longer disabled. Nor, in computing the section 406(b) fee, is the value of health care benefits included.

Fifth, Mr. Sackett devoted considerable time and careful attention to Mr. Hearn's case. This court has already ruled that the more than 55 hours expended in the action was reasonable. *See* Order Granting Plaintiff's Motion for Attorney's Fees

at 3–4 (May 2, 2002). Petitioner's challenge to the ALJ's determination at step five was central to the court's decision to remand the case to the Commissioner.

Finally, Mr. Hearn has submitted a declaration stating that he concurs with the fee request and asks the court to approve it in its entirety. There is no basis for the court to question the sincerity of this declaration.

For the reasons set forth above, the Court awards Plaintiff's attorney, Harvey Sackett, the sum of $25,132.50 in fees under 42 U.S.C. § 406(b) which represents about 18.2% of Plaintiff's past due benefits. The parties do not dispute that this § 406(b) award must be offset by the $8,725.99 of attorney's fees already granted under the EAJA, resulting in a net § 406(b) fee of $16,406.51. *See* Mem. P's and A's at 2:17–23; 28 U.S.C. § 2412; *Gisbrecht,* 122 S.Ct. at 1822.

### ORDER

Petitioner's motion for attorney's fees is GRANTED. Petitioner Harvey Sackett is hereby awarded $25,132.50 in attorney's fees to be paid out of the sums withheld by the Commissioner from Mr. Hearn's benefits. Mr. Sackett shall reimburse Plaintiff in the amount of $8,725.99, previously paid by the Government under the EAJA.

IT IS SO ORDERED.