**Joseph M. YARNEVIC, Plaintiff**

v.

**Kenneth APFEL, Commissioner, Social Security Administration, Defendant.**

**Civil Action No. 1:01–CV–43–JTC.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 18, 2005.

Charles Lee Martin, Office of Charles L. Martin, Decatur, GA, for Plaintiff, Joseph M. Yarnevic.

Mary Christine Roemer, Office of United States Attorney, Atlanta, GA, for Defendant, Kenneth Apfel, Commissioner, Social Security Administration.

### ORDER

CAMP, District Judge.

Pending before the Court is Plaintiff's Motion for Attorney's Fees under the Social Security Act [# 17]. The Court **GRANTS** the motion.

---

1. Defendant has authorized payment of $7,000 in attorney fees to Plaintiff's counsel for his representation of Plaintiff in the administrative agency proceedings. Thus, Plaintiff's counsel may receive no more than

## I. Background

Plaintiff filed this action on January 4, 2001, seeking judicial review of Defendant's denial of his claim for disability insurance benefits. On September 27, 2001, the Court reversed and remanded the case to Defendant for further proceedings. On remand, Plaintiff successfully obtained an award of $112,231 in past due benefits. Defendant withheld $28,057.75 from this amount to pay any attorney fees awarded to Plaintiff's counsel. The Court subsequently awarded Plaintiff's counsel $2,519.59 in attorney fees under the Equal Access to Justice Act ("EAJA"). Plaintiff now seeks $21,057.75, less the EAJA award, for attorney fees under 42 U.S.C. § 406(b).

Plaintiff's counsel avers that he personally spent approximately 8.15 hours representing Plaintiff in this action before the Court and his paralegal(s) spent 24.6 hours on Plaintiff's case. Plaintiff entered into a contingency fee agreement with his counsel and has agreed to pay his counsel 25% of the past due benefits he received.[1] Plaintiff's counsel avers that his hourly rate for non-contingent fee cases is $225. Plaintiff's counsel further avers that he has practiced law for twenty-seven years and concentrates his practice on representing Social Security claimants, which has comprised 90% of his practice since 1985.

## II. Statement of the Law

The Social Security Act (the "Act") provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may

---

$21,057.75 for his representation of Plaintiff before the Court because $28,057.75 represents 25% of Plaintiff's past due benefit award. *See infra* Part II.

determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A). Attorney fees awarded under § 406(b) are payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Contingent fee arrangements are common in federal actions under the Act, and § 406(b) limits, but does not displace, such arrangements. *Gisbrecht v. Barnhart,* 535 U.S. 789, 804, 807, 122 S.Ct. 1817, 1826, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807, 122 S.Ct. at 1828. So long as the contingent fee does not exceed 25% of the past-due benefits, "the attorney for the successful claimant must [simply] show that the fee sought is reasonable for the services rendered." *Id.* (citation omitted).

■ In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia,* the character of the attorney's representation and the results achieved. *Id.* at 808, 122 S.Ct. at 1828. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness. *Id.* at 808–09, 122 S.Ct. at 1828–29.

## III. Analysis

Plaintiff's counsel's requested fee of $21,057.75 is reasonable. Defendant objects to the request because it amounts to a $643 hourly rate and most of the hours were incurred by Plaintiff's counsel's paralegal(s). Defendant contends such an award is excessive and would be a windfall to Plaintiff's counsel because it is almost three times his normal hourly rate for non-contingency work. Plaintiff counters that the calculated hourly rate is not important because *Gisbrecht* precludes use of a "lodestar" type method in awarding fees under § 406(b). Plaintiff further contends that the risks his counsel undertook under their contingent fee arrangement, combined with his counsel's extensive experience and the ultimate results of this case, support the requested fee as reasonable under all the circumstances.

"Since *Gisbrecht* ..... the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart,* 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003). District courts applying § 406(b)'s reasonableness requirement after *Gisbrecht* have awarded fees yielding an effectively high hourly rate where the plaintiff's counsel had extensive experience in social security representation, the requested fee was relatively small in proportion to the past due benefit award, and plaintiff's counsel bore a substantial risk of loss by pursuing the claim for years under a contingency fee arrangement. *See, e.g., id.* (approving contingency fee translating to an effective hourly rate of $450); *Claypool v. Barnhart,* 294 F.Supp.2d 829, 833–34 (S.D.W.Va.2003) (approving contingency fee translating to an effective hourly rate of $1,433); *Brown v. Barnhart,* 270 F.Supp.2d 769, 772–73 (W.D.Va.2003) (approving contingency fee translating to an effective hourly rate of $977); *Coppett v. Barnhart,* 242 F.Supp.2d 1380, 1385 (S.D.Ga.2002) (approving contingency fee translating to an effective hourly rate of $350). Considering all these

factors in this case, $21,057.75 is reasonable.

▇ Plaintiff's counsel has focused his practice almost exclusively on social security matters for twenty of the twenty-seven years he has practiced law. *See Brown,* 270 F.Supp.2d at 772 (crediting plaintiff's counsel's experience in handling over 900 social security cases); *Hearn,* 262 F.Supp.2d at 1037 (same where plaintiff's counsel had practiced law over twenty-six years and had exclusively practiced social security law for twenty-three years); *Coppett,* 242 F.Supp.2d at 1384–85 (finding that plaintiff's counsel's "skill and experience in handling social security cases further shows the reasonableness of the fee" where counsel had represented social security claimants for over sixteen years). Plaintiff's counsel has represented Plaintiff in this case since January 2001 and successfully obtained significant past due benefits for Plaintiff in July 2003. There is no evidence, and Defendant does not contend, that Plaintiff's counsel delayed the proceedings in this case or otherwise acted in bad faith or in a dilatory manner.

Defendant likewise does not dispute that Plaintiff likely would not have obtained any relief from Defendant's initial denials of his claim without his counsel's able representation. *See Brown,* 270 F.Supp.2d at 772–73 ("[B]ecause the defendant initially denied plaintiff's claim, the plaintiff would have been wholly unsuccessful without these judicial proceedings."); *Claypool,* 294 F.Supp.2d at 834 (rejecting defendant's contention that plaintiff's counsel normal hourly billing rate should be used because doing so "would [not] take into account the value of the representation Plaintiff received"). Moreover, the requested fee represents only 18.8% of Plaintiff's past due benefit award, which is reasonable given the nature and character of Plaintiff's counsel's representation in this case. *See Brown,* 270 F.Supp.2d at 770

(approving contingency fee representing 17.4% of plaintiff's benefit award); *Hearn,* 262 F.Supp.2d at 1036 (approving contingency fee representing 18.2% of plaintiff's benefit award).

Plaintiff agreed to a contingency fee arrangement with his counsel, thus transferring the risk of loss to his counsel while providing Plaintiff the opportunity to contest Defendant's denial of his claim and to ultimately prevail. *See Hearn,* 262 F.Supp.2d at 1037 ("[C]ourts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."); *Brown,* 270 F.Supp.2d at 773 (accounting "for plaintiff's counsel bearing the risk that he would not win an award for his client and thus would not be paid at all"); *Coppett,* 242 F.Supp.2d at 1385 ("Attorneys who take cases on contingency ... generally receive far more in winning cases than they would if they charged an hourly rate."). Considering the totality of all these factors, the Court finds the requested fee reasonable under § 406(b).

Finally, the Court notes that it cannot comply with Plaintiff's request to award his counsel only $18,538.16, which represents the § 406(b) award less the EAJA award that Defendant previously paid to Plaintiff's counsel. Although $18,538.16 is the amount Plaintiff's counsel should ultimately receive, the Court must award the full § 406(b) fee and direct Plaintiff's counsel to refund to Plaintiff the smaller EAJA award. *See Gisbrecht,* 535 U.S. at 796, 122 S.Ct. at 1822 (observing that, under the Act, a claimant's attorney who has received fees under the EAJA and § 406(b) must refund to the claimant the smaller fee award).

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for attorney fees [# 17] is **GRANTED**. The Court **DIRECTS** Defendant to pay Plaintiff's counsel $21,057.75 and **DIRECTS** Plaintiff's counsel to refund to Plaintiff the $2,519.59 previously awarded to Plaintiff's counsel under the EAJA.