James E. CRAIG, Social Security
Number 225–56–3538,
Plaintiff–Appellee,

v.

SECRETARY, DEPARTMENT OF
HEALTH AND HUMAN
SERVICES, Defendant–Appellant.

No. 88–3994.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1988.

Decided Jan. 3, 1989.

---

Bruce G. Forrest (John R. Bolton, Asst. Atty. Gen., John P. Alderman, U.S. Atty., William Kanter, Appellate Staff, Civil Div., Dept. of Justice, on brief), for defendant-appellant.

James Greer Welsh (Timberlake, Smith, Thomas & Moses, P.C., on brief), for plaintiff-appellee.

Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.

BUTZNER, Senior Circuit Judge:

The Secretary of Health and Human Services challenges an attorney's fee of $5,970.90 awarded by a magistrate to counsel for representing a social security disability claimant.* The Secretary suggests

* Pursuant to 28 U.S.C. § 636(c), this case was referred to a United States Magistrate for decision.

that a fee of approximately $800 for 8.6 hours' work is appropriate. He insists that no enhancement of the fee is justified. The attorney maintains that the award is reasonable even though it amounts to compensation at the approximate rate of $694 per hour.

Both positions are untenable. The attorney should not be limited to a bare bones, lodestar fee. He is entitled to have the fee enhanced by factors of contingency and delay. Even with enhancement, the fee allowed by the court is too high. We vacate the award and remand with instructions to determine a reasonable fee.

## I

James E. Craig applied for social security disability benefits in 1982 and 1983. The Secretary denied his claim at the initial level. Craig then employed counsel to represent him and entered into a contingent fee contract agreeing to pay 25 percent of the past-due benefits that were recovered. The contract also provided that if Craig withdrew his claim or dismissed his counsel, he would pay a fee of $75 per hour for services rendered.

After the administrative law judge denied Craig's claim and the Appeals Council rejected his request for review, Craig filed suit in federal court. The court reversed the Secretary's decision, and the Secretary did not appeal. Past-due benefits amounted to $37,883.60, and Craig will continue to receive benefits as long as he remains disabled.

Craig's counsel filed a fee petition requesting $9,470.90, 25 percent of past-due benefits as provided in the fee contract. He filed a copy of the contract and a letter from his client asking the court to allow this fee. The court allowed the requested fee, holding that a fee of 25 percent of the benefits was not only presumptively reasonable, but it was also an amount agreed upon by counsel and the claimant. The only other finding the court made was that it was reasonable "under all the facts and circumstances."

Upon consideration of the Secretary's motion to amend the fee allowance the court supplemented its initial order by noting that success at the judicial level depended on an adequate administrative record. It also noted that social security cases are "client-intensive" requiring frequent contacts between counsel and his client. The court found that the claimant's counsel was one of a handful of lawyers in the area who take such cases and that his firm and one other were the only two firms in the city and surrounding county who regularly represent social security claimants. The court stated that it took into consideration the following factors: (1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained. The court denied the motion to amend the order, and the Secretary appealed.

We vacated the judgment on the ground that the fee impermissibly covered services of counsel before the agency as well as the court. *Craig v. Bowen,* 829 F.2d 35 (4th Cir.1987). Counsel then applied to the Social Security Administration for a fee covering his services at the administrative level. The agency allowed him $3,500.

The court then simply deducted from the amount it had previously awarded the amount allowed by the agency. It allowed counsel the difference, $5,970.90, resulting in a total award of 25 percent of the past-due benefits. The court made no additional findings about the propriety of the fee, referring instead to the findings it previously made. It never made any finding about the number of hours counsel reasonably expended on the claimant's case or about a reasonable hourly rate of compensation. It did not explain how much the factors that it deemed significant enlarged the fee.

## II

Title 42 U.S.C. § 406(b)(1) provides:
Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation,

not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Two provisions of the statute bear emphasizing. First, the fee allowed by the court must be reasonable. In this respect the statute intrudes upon the contractual relationship between counsel and his client. *See Coup v. Heckler,* 834 F.2d 313, 324 (3d Cir.1987). Regardless of the contract, the responsibility remains on the court to allow a reasonable fee. This has been the rule of this circuit for many years. *See McKittrick v. Gardner,* 378 F.2d 872, 875 (4th Cir.1967). Moreover, the percentage set forth in the contract does not create a presumption that the contractual fee is reasonable. *Wells v. Bowen,* 855 F.2d 37, 45 (2d Cir.1988).

Second, the statutory provision pertaining to 25 percent of past-due benefits created a cap on the allowance of a fee. Congress did not provide that a fee of 25 percent of the benefits was presumptively reasonable. In *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir.1966), we observed: "In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum."

■ The Supreme Court has explained: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed. 2d 40 (1983). The product of hours multiplied by rate has become known as the lodestar fee. The novelty and complexity of issues will be reflected in the billable hours. The quality of representation will be reflected in the hourly rate. *Blum v. Stenson,* 465 U.S. 886, 898–99, 104 S.Ct. 1541, 1548–49, 79 L.Ed.2d 891 (1984). "[T]he 'results obtained' generally will be subsumed within other factors used to cal-

culate a reasonable fee...." 465 U.S. at 900, 104 S.Ct. at 1549. Consequently, these factors do not ordinarily justify enhancement of the lodestar. 465 U.S. at 898–900, 104 S.Ct. at 1548–50.

The principles explained in *Hensley* and *Blum* addressed issues arising out of a fee-shifting statute, 42 U.S.C. § 1988. The requirement in both section 1988 and section 406(b)(1) that the fee be reasonable commends application of these principles to the allowance of fees in social security cases. Therefore, our opinions written before 1983 on the subject of fee allowances for attorneys representing social security claimants should now be read in light of the rules discussed in *Hensley* and *Blum.*

The Supreme Court has denied, in the absence of exceptional circumstances, a request for an enhanced fee based on the risk of loss and the contingent nature of the fee in an action brought pursuant to the Clean Air Act. *See Pennsylvania v. Delaware Valley Citizens' Council,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). The Secretary urges us to likewise deny requests for contingency enhancements in social security cases. He relies primarily on *Donahoe v. Bowen,* 674 F.Supp. 516, 518 (D.Md.1987), which cited *Delaware Valley* as authority for denying counsel representing a social security claimant enhancement on the basis of the contingent nature of his fee.

■ We have long recognized that the contingent nature of fees in social security disability cases is a factor that courts may consider in allowing fees. *See McKittrick,* 378 F.2d at 875–76. As we pointed out in that case, availability of lawyers to disability claimants is important and most claimants have no resources to pay counsel other than through the possibility of receiving benefits. In concert with the Second and Third Circuits, we conclude that *Delaware Valley* does not preclude using a contingency factor to enhance a lodestar fee in a social security case. *See Wells v. Bowen,* 855 F.2d 37, 43–46 (2d Cir.1988); *Coup v. Heckler,* 834 F.2d 313, 320–25 (3d Cir.1987). As these cases emphasize, *Delaware Valley* involved a fee shifting statute in which the defendants had no contractual relations with the plaintiffs' attorneys. In fee-shift-

ing situations, the statute is the authority for the imposition of fees on one's adversary. But in social security cases the contract between the claimant and his attorney for a contingent fee is the source of compensation, and section 406 is a statutory interference with the relationship of attorney and client. *See Coup*, 834 F.2d at 324. A court may give effect to the agreement for a contingent fee, limiting it, however, by the statutory requirements that it be reasonable and not in excess of 25 percent of past-due benefits. We therefore conclude that the considerations that prompted us in *McKittrick* to approve contingency enhancement remain valid.

### III

■ The court that tries a case is best qualified to make an appropriate allowance of attorney fees. In exercising its discretion, however, it must adhere to established principles of law, and it must clearly explain its reasons for the award. *See Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941; *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir.1982). On remand, the court cannot ascribe to section 406 or to the contract a presumption that 25 percent of the past-due benefits is a reasonable fee. Instead, the court should commence its inquiry by finding the hours counsel reasonably expended in the preparation and conduct of the judicial proceedings. As the court observed, social security cases may require many contacts between a claimant and his attorney. This, however, is reflected in the hours expended, and it is not an independent ground for enhancing an award. While a carefully presented administrative record is essential to prevail in judicial proceedings, the time expended in preparing the record cannot be compensated by the court. This time was compensated by the agency's allowance of fees for services at the administrative level. The complexity of the issues does not justify enhancement, as this factor will be reflected in the hours reasonably expended. *See Blum*, 465 U.S. at 898, 104 S.Ct. at 1548. Neither section 406 nor the fee contract warrant inclusion of the time spent in preparing and litigating the fee application. *See Coup*, 834 F.2d at 325.

■ A reasonable rate of compensation is the prevailing market rate in the relevant community for similar services. *See Blum*, 465 U.S. at 895–96 n. 11, 104 S.Ct. at 1547–48 n. 11. *Blum* and *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir.1987), explain the proof acceptable to establish the prevailing market rate. Prevailing market rates often have a range depending on experience and ability. In this case, the court found that counsel was expert in this type of litigation. That finding, coupled with the care he demonstrated in preparing the administrative record and the results he achieved with the expenditure of relatively few hours, would justify the court's use of the upward range of market rates.

■ The court properly recognized that the contingent nature of the fee justified enhancement, but it did not disclose the increase that it attributed to this factor. On appeal the parties have neither briefed nor argued to what extent a lodestar fee should be enhanced by the contingency of compensation. We therefore leave in the first instance this issue to the district court, which may request counsels' views and if need be conduct an evidentiary hearing. It is sufficient for us to note at this stage of the proceedings that the primary consideration to take into account is the attorney's risk of receiving nothing for his services. *See McKittrick*, 378 F.2d at 875. Whether this risk should be evaluated for social security cases as a class, as Justice O'Connor suggests, or on the basis of the individual case pending before the court, as Justice Blackmun suggests, or by some other means, presents a question that can best be addressed by the district court. *See Delaware Valley*, 107 S.Ct. at 3089–91 (O'Connor, J., concurring in part and concurring in the judgment) and 107 S.Ct. at 3091–3102 (Blackmun, J., dissenting). On remand the court should explain its method of computing a contingency enhancement and the result of its computation. The court may also consider delay in receipt of the fee as an additional reason for enhancement. *See Delaware Valley*, 107 S.Ct. at 3081–82; *Coup*, 834 F.2d at 324–25. Enhancement for delay may be computed by following 28 U.S.C. § 1961.

## IV

Through error the agency paid the fee allowed by the court. This, however, did not moot the Secretary's appeal. Payment of a judgment does not preclude a losing party from appealing. *Arkadelphia Milling Co. v. St. Louis S.W. Ry. Co.*, 249 U.S. 134, 145, 39 S.Ct. 237, 241, 63 L.Ed. 517 (1919).

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.