Randolf T. OTT, Plaintiff,

v.

Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.

Civil Action No. 94–4235–DES.

United States District Court, D. Kansas.

Jan. 9, 1998.

---

1. Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for John J. Callahan as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S C. § 405(g).

D. Brad Bailey, Office of United States Attorney, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion by plaintiff's counsel for a determination and award of attorney fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. 44).

### I. BACKGROUND

On March 25, 1992, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* Plaintiff alleged that he became unable to work because of his disabling condition on December 31, 1988. The Social Security Commissioner ("Commissioner") denied plaintiff's claim on May 27, 1992, stating that plaintiff's post-traumatic stress disorder and depression did not limit his ability to work. Plaintiff filed a request for reconsideration on July 28, 1992. The Commissioner denied plaintiff's request on September 23, 1992, finding that plaintiff's psychological problems were not disabling prior to plaintiff's date late insured of December 31, 1989.

On January 18, 1993, plaintiff requested a hearing by an administrative law judge ("ALJ"). The hearing was set for September 7, 1993. Plaintiff's counsel, by letter dated August 11, 1993, requested that the ALJ have a medical advisor present at plaintiff's hearing. The ALJ denied counsel's request, and plaintiff's hearing was held on September 7, 1993, without the presence of a medical advisor.

In a decision dated December 23, 1993, the ALJ determined that plaintiff is not entitled to a period of disability or disability insurance benefits, because plaintiff did not become disabled until on or about February 1, 1992, after his date last insured. On February 16, 1994, plaintiff filed a request for review of the ALJ's decision. The Appeals Council denied plaintiff's request on October 5, 1994.

Plaintiff sought judicial review and, on September 29, 1995, the district court issued an order reversing and remanding the case

Kenneth M. Carpenter, Carpenter Chartered, Kelly C. Brown, Topeka, KS, for Plaintiff.

for determination by the ALJ, with the assistance of a medical advisor, of the date of onset of plaintiff's disability. Plaintiff subsequently received a favorable decision from the Commissioner by way of an ALJ decision dated December 24, 1996. The decision granted plaintiff entitlement to a period of disability and disability insurance benefits and awarded plaintiff $45,476.80 in past-due benefits.

## II. DISCUSSION

Plaintiff's attorney has moved for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). Plaintiff's attorney alleges he spent 36.25 hours in court-related services and requests a fee of $7,369.20, or twenty-five percent of plaintiff's past-due benefit award less $4000 awarded under 42 U.S.C. § 406(a). The Commissioner objects to plaintiff's request for fees. Although the Commissioner does not contest the number of hours spent by plaintiff's attorney, he argues that a fee of $7,369.20 is unreasonable because it would result in a billing rate of $203.00 per hour. Plaintiff's attorney argues that attorney fees under 42 U.S.C. § 406(b)(1)(A) should be controlled primarily by the freely-negotiated contingency fee contract between a social security claimant and his attorney. The Commissioner contends that the court is not bound by the contingency fee determined pursuant to a contingency fee contract and that the court should use the "lodestar" method to calculate attorney's fees under § 406(b)(1)(A).

Section 406(b)(1)(A) provides:

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

. . .

(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

42 U.S.C. § 406(b). "This statute places the inescapable burden on the Court to determine and allow a reasonable attorney fee." *Spodnick v. Chater,* 1997 WL 104940, *2 (N.D.Okla.1997) (citing *Krig v. Sullivan,* 143 F.R.D. 270, 271 (N.D.Fla.1992)).

The court disagrees with plaintiff's attorney's implication that a fee of twenty-five percent of the plaintiff's recovery of past-due benefits is "per se reasonable" under the statute. *See Hubbard v.. Shalala,* 12 F.3d 946 (10th Cir.1993). Although 42 U.S.C. § 406(b)(1) provides that a court may allow attorney's fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled," this language in no way suggests the per se reasonableness of a contingency fee for twenty-five percent of the plaintiff's recovery of past-due benefits. Rather, it serves as a limit on the amount of fees an attorney can contract to receive from a social security claimant. *See Cotter v. Bowen,* 879 F.2d 359, 360 (8th Cir. 1989). "Section 406(b) authorizes the Court to 'determine' and 'allow' a 'reasonable' attorney fee, not approve an agreed upon fee." *Spodnick,* 1997 WL 104940, *5 (N.D.Okla. 1997). Accordingly, such fees "remain subject to court approval even where, as in this case, the client expresses approval and satisfaction with the requested fee." *Id.*

In the Tenth Circuit, calculation of a reasonable fee under 42 U.S.C. § 406(b) should begin with the lodestar amount—the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Hubbard,* 12 F.3d 946 at 948. In this case, the Commissioner does not oppose as unreasonable the

hours claimed by plaintiff's attorney for legal services. Furthermore, the Court has reviewed the billing records submitted by plaintiff's attorney and is satisfied that the 36.25 hours which plaintiff's attorney spent on this case are reasonable.

The starting point for deciding a reasonable rate under the lodestar method is to ascertain the prevailing market rate in the relevant legal community for similar services by attorneys of reasonably comparable skill, experience and reputation. In this case a reasonable rate will be the rate charged in the District of Kansas by social security attorneys with the similar skill, experience, and reputation as plaintiff's attorney. Although the burden is on the fee applicant to produce evidence of the prevailing relevant hourly rate, *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1985), plaintiff's attorney has not done so. However, the court believes that the government's proposal of an hourly rate of $125, absent any contrary evidence by plaintiff's attorney, is an adequately reliable estimate considering, in a light favorable to plaintiff's attorney, factors such as skill required; experience, reputation and ability of the particular lawyer; time limitations; preclusion of other work; and the undesirability of the case and the nature and length of the attorney's relationship with his client. Accordingly, the lodestar amount for this case is $4531.25, representing compensation for 36.25 hours of service at an hourly rate of $125.

The court next examines whether a fee applicant is limited to a bare–bones lodestar fee where a contingency fee agreement exists. Many courts adopting the lodestar method find that attorneys should not be so limited. See, e.g., *Craig v. Secretary, Dept. of Health and Human Services*, 864 F.2d 324, 326 (4th Cir.1989). Although the Tenth Circuit has acknowledged "that a fee may be enhanced in cases of 'exceptional success'" *Hubbard*, 12 F.3d at 948 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)), it has not addressed the propriety of granting an enhancement based on the contingent nature of an attorney's fee. This court, however, believes "that an attorney that assumes the risk of nonpayment be paid more per hour than an attorney that assumes no risk of nonpayment." 1997 WL 104940, *9.

Determining the amount of enhancement is a more difficult matter. In *Craig*, the court noted that the primary consideration to take into account is the attorney's risk in receiving nothing for his services. In *Allen v. Shalala*, 48 F.3d 456 (9th Cir.1995), the Ninth Circuit held that courts may not use the contingency factor to subsidize the claims of losing social security claimants. Allowing such a subsidization would be "fundamentally unfair to the claimants who depend upon back benefit recoveries, [and would be] contrary to congressional intent to protect claimants by limiting fee awards." *Id.* (quoting *Straw v. Bowen*, 866 F.2d 1167, 1171 (9th Cir.1989)). Here, plaintiff's attorney clearly faced a substantial risk of receiving nothing for his services. Accordingly, the court finds that a fee of $6,165.50, or approximately twenty-two percent of plaintiff's past-due benefit award less $4000 awarded under 42 U.S.C. § 406(a), is a reasonable fee in this case.

**IT IS THEREFORE BY THE COURT ORDERED** that the motion by plaintiff's counsel for a determination and award of attorney fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. 44) is granted in the amount of $6,165.50, as approximately twenty-two percent of plaintiff's past-due benefit award less $4000 awarded under 42 U.S.C. § 406(a), and as a reasonable fee in this case.