**Harry L. MARTIN, Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant**

**No. 4:99CV00054.**

United States District Court, W.D. Virginia, Danville Division.

Oct. 9, 2002.

---

Jerry L. Williams, Jr., Williams, Luck and Williams, Danville, VA, Robert Allen Williams, Williams, Luck & Williams, Martinsville, VA, for Plaintiff.

Julie C. Dudley, U.S. Attorney's Office, Roanke, VA, for Defendant.

## MEMORANDUM OPINION

CRIGLER, United States Magistrate Judge.

This action, which originally challenged a final decision of the Commissioner's predecessor denying plaintiff's claim for benefits under Title II of the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, once again is before the court under 28 U.S.C. § 636(c), this time on plaintiff's June 24, 2002, motion for an award of attorney's fees, a memorandum in support of the motion, and an October 3, 2002, supplemental motion for fees. Plaintiff does not specify the amount sought to be awarded, but his counsel has attached to the pleadings the following: 1) a copy of the time records for his agency-level and court-related services, including those related to the post-judgment show cause proceedings instituted when the Commissioner failed to effectuate the court's final judgment against her; 2) copies of the contingent fee agreement between counsel and the plaintiff; 3) copies of the Notice of Award of benefits eventually forwarded to plaintiff by the Commissioner after post-judgment proceedings were instituted. Attached to the October 3, 2002, supplemental motion are the time records relating to counsel's services before the Administration.

The Commissioner filed a response to the fee request on July 15, 2002, in which she does not object to awarding counsel fees under 42 U.S.C. § 406(b) in the amount of $1,141.50. She recognizes that the amount offered is less than the maximum allowed by the statute, but suggests that it is an acceptable lodestar fee arrived at by multiplying a reasonable hourly rate by the reasonable amount of time counsel spent in representing the plaintiff.

According to the time records attached to the motion, counsel spent 16.82 hours in court-related services. In fact, a considerable amount of time was spent in efforts to enforce the court's judgment in favor of the plaintiff, even to the point of securing an Order from the court for the Commissioner to show cause why she did not honor the judgment within a reasonable time after it became final. Moreover, in the supplemental motion filed on October 3, 2002, counsel offers time records that show he spent 28.7 hours in agency-level services to his client. The time counsel spent in his court-related services certainly appears reasonable to this court, as do the number of hours before the agency, assuming the court were permitted to pass on the reasonableness of counsel's agency-level time.

The Commissioner further offers that $150.00 per hour is a reasonable hourly rate to be employed as a multiplier under the lodestar method. However, $200.00 per hour is the more usual and customary rate charged by attorneys with similar experience in this field of practice in this jurisdiction and is an amount that has been approved by this court in other cases.

As suggested by the Commissioner, one reasonably would expect the court to follow what has become the accepted practice in this circuit and engage in a lodestar analysis to determine the § 406(b) fee for the attorney who represents a successful plaintiff. In other words, the court simply would multiply the reasonable number of hours expended in court-related services by a reasonable hourly rate, here 16.82 X $200.00, to arrive at a lodestar fee which, then, could be enhanced by any significant contingencies in the case. *See Craig v. Secretary, Dept. of Health and Human*

*Servs.*, 864 F.2d 324 (4th Cir.1989). But, on May 28, 2002, the Supreme Court decided *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), rejecting the Ninth Circuit's use of the lodestar method where fees based upon a contingency fee agreement between the claimant and the attorney were being claimed under 42 U.S.C. § 406(b). In reversing the Ninth Circuit in that case, the Court also rejected the use by other circuits of the same methodology, including that of the Fourth Circuit in *Craig*. Thus, the undersigned cannot help but believe that *Craig* no longer is viable authority for fixing contingency fees under 406(b) [1].

While *Gisbrecht* recognized that the lodestar calculus guides courts in their determinations of fees to be awarded prevailing parties under fee shifting statutes, the Court rejected the use of that method under § 406(b) mainly because this statute was not fee shifting. At the same time, the Court acknowledged that contingency fees can be abused and are problematic when not subjected to court review, but it was of the view that Congress had taken steps, both in 1965 and later, to place limits on contingency fees not otherwise found in the "marketplace" by, *inter alia*, capping the fee at 25% of the past due benefits, providing that no other fees would be payable, and attaching serious criminal penalties to violations by attorneys representing claimants under the Social Security Act. *Id.* at 1826–1827. The Court further noted that in 1990, Congress even authorized the agency to acknowledge contingency fees when awarding fees for agency-level representation. *Id.* at 1827. Moreover, the Court observed that while § 406(b) contains provisions that govern the total fees counsel for a successful claimant may receive for court-related services apart from any contingency fee arrangement, it did not believe the statute "displace[s] contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."*Id.* at 1828.[2] As a result, the Court sent a clear signal that if the courts award fees consistent with a contingent fee agreement upon judicial review, no further fees can be claimed by the attorney representing the successful claimant. Thus, any fee awarded by the court under § 406(b) that fulfills the contingent fee agreement between a claimant and his/her counsel essentially would cover fees for all legal services, both before the Administration and the court. Consideration of the matter, thus, would end.

To repeat, plaintiff's counsel has submitted a record of his time spent before both

1. In *Craig,* the Commissioner (then the Secretary) appealed an award of fees by this very court that principally was based on a contingency fee agreement between the successful claimant/plaintiff and counsel. There, the Fourth Circuit reversed this court's fee award, which represented 25% of the claimant's past due benefits as called for by the fee agreement and which served as compensation for all counsel's efforts, both before the administration and the court. The court instead implemented a lodestar calculus subject to an upward adjustment for the contingency nature of the case. The Supreme Court grouped the *Craig* decision among those adhering to the Ninth Circuit's methodology, which the Court then reversed. 535 U.S. 789, 122 S.Ct. 1817, 1823–1824, 152 L.Ed.2d 996. Thus, *Craig* no longer appears controlling authority in this circuit.

2. The undersigned notes that the Supreme Court did express a concern, incidently shared by the Fourth Circuit in *Craig,* about whether § 406(b) created a "presumption" in favor of the agreed amount under the fee agreement. It determined, as the circuit court had determined, that no such presumption exists under the statute, but went further to iterate that the federal courts have an overarching obligation to assess the reasonableness of those fees sought under such a contingent fee agreement. *Id.* at 1828 n. 17.

the administration and this court, a copy of his contingent fee agreement, and a copy of the Notice of Award of benefits finally issued by the Commissioner pursuant to the judgment of this court. The award reveals that out of the past due benefits, plaintiff was to receive $37,227.50 while 25% of the total past due benefits, namely $10,189.50, was being withheld to satisfy any claim for attorney's fees under the Social Security Act. To this end, this court is of the view that the contingency agreement between the plaintiff and his counsel is reasonable and that an award of fees amounting to 25% of the past due benefits, likewise, would be reasonable considering the time counsel spent representing plaintiff before the administration and this court, including efforts pursuing post-judgment enforcement of the court's final order directing the Commissioner to calculate and pay proper benefits.[3]

Upon consideration of *Gisbrecht,* and for the reasons set forth above, an order will enter granting plaintiff's motion for fees, overruling the Commissioner's objections and proffer of a fee premised on the lodestar method, and awarding plaintiff's attorney, Robert A. Williams, Esq., the sum of Ten Thousand One Hundred Eighty-nine & 50/100 Dollars ($10,189.50) in fees under 42 U.S.C. § 406(b), which amount represents 25% of plaintiff's past due benefits, as provided for in the contingent fee agreement between plaintiff and his attorney. The Order will direct that the fee here awarded first be paid out of the sums withheld from plaintiff's benefits as provided by law.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

---

**3.** Assuming the lodestar method was utilized in determining fees both for counsel's agency-level and for his court-related services, the hours spent would be multiplied by an hourly rate to arrive at a fee. Hypothetically for this case, the fee arbiter would multiply 44.90 by $200.00 for a lodestar fee of $8.980.00/ The $1209.50 difference between this amount and 25% of plaintiff's past due benefits, as called for in the contingent fee agreement in the instant case, in this court's view, does not call into question the reasonableness of the contingency awarded so as to invoke considerations of some downward departure. If anything, this slight difference testifies to the reasonableness of a full contingency fee awarded here and militates against any departure from it at all.