**Barry THOMPSON, Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant**

No. 4:97CV00038.

United States District Court, W.D. Virginia, Danville Division.

Jan. 15, 2003.

Robert Allen Williams, Williams, Luck & Williams, Martinsville, VA, for plaintiff.

Julie C. Dudley, U.S. Attorney's Office, Roanoke, VA, for defendant.

### CORRECTED & SUBSTITUTED MEMORANDUM OPINION

CRIGLER, United States Magistrate Judge.

This action, which successfully challenged a final decision of the Commissioner's denial of plaintiff's claim for benefits under Title II of the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, again is before the court under 28 U.S.C. § 636(c), this time on plaintiff's October 3, 2002, motion for an award of attorney's fees, a memorandum in support of the motion, and a November 12, 2002, supplementation to the motion. Counsel for plaintiff has attached to the pleadings the following: 1) a copy of the time records for his agency-level and court-related services, including those related to reviewing the final award; and 2) copies of the Notice of Award of benefits eventually for-

---

warded to plaintiff by the Commissioner after post-judgment proceedings were instituted. Attached to the November 12, 2002, supplementation is a copy of the contingency fee agreement between counsel and the plaintiff. The Commissioner filed a response to the fee request on November 4, 2002, in which she seeks to limit recovery of contingent-fees to an amount reflective of the counsel's court-related services, notwithstanding the most recent decision by the Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). For the reasons that follow, an order will enter overruling defendant's objections, granting plaintiff's petition, and awarding counsel a contingent-fee in the amount of $9,447.25 to be paid as provided by law.

In *Martin v. Barnhart*, 225 F.Supp.2d 704 (W.D.Va.2002), this court considered the effects and implications of *Gisbrecht* on contingent-fees in Social Security cases. The court observed that the prior decisional authority in this Circuit governing the assessment of fee petitions and which required the use of the lodestar analysis had been altered, found that the plaintiff's contingent-fee agreement with counsel was reasonable, and awarded plaintiff's attorney a contingent-fee representing 25% of plaintiff's past-due benefits. Also relying on *Gisbrecht*, this court found that the lump sum contingent-fee essentially terminated counsel's right to seek further fees for services, including those otherwise assessable by the administration.

Though counsel's petition in this case, for all practical purposes, is identical to the one asserted in *Martin* [1], the Commissioner takes the position here that a lump sum 25% contingent-fee necessarily covers services counsel rendered on behalf of the plaintiff at the administrative level, and

that compensation for those services is entrusted *"exclusively"* to the Commissioner under the Social Security Act (Act), 42 U.S.C. § 406(b). (Def. Resp. Pl.'s Fee Pet. at 3 (emphasis in original).) In other words, the Commissioner contends that the court has no statutory authority to award any fee, particularly a unitary contingent-fee, that would have the effect of compensating plaintiff's counsel for any administrative services to the plaintiff. The Commissioner would have the court bifurcate counsel's court-related services (10.12 hours) from his administrative services (40.25 hours), compare the amount of the contingent-fee sought in this case, namely $9,447.25, to the time counsel spent representing the claimant before the court, and award only that portion of the contingent-fee which reasonably relates to the attorney's services to his client before the court. Thus, the Commissioner proposes a methodology remarkably similar to the lodestar methodology she successfully advanced in this Circuit before *Gisbrecht* was decided, only this time substituting a determination of reasonableness of the contingent-fee for the lodestar calculus. It is the view of the undersigned that the Commissioner's position is not supported by the pertinent provisions of the Social Security Act and is inconsistent with *Gisbrecht*.

Congress does not appear to have conferred on the Commissioner exclusive jurisdiction over a contingent-fee award under circumstances where the Commissioner's final agency action adverse to the claimant was appealed to and reversed by a federal court, as is the case here. Instead, the Act grants the Commissioner the right to fix either a "reasonable fee" or a contingent-fee not to exceed $4,000.00 **only** where a "favorable

---

1. Naturally, the amount being sought here is not identical due to the difference in the in-

stant plaintiff's past-due benefits.

determination" or a "determination favorable to the claimant" is made at the agency level. 42 U.S.C. § 406(a)(1) and (a)(2)(A)(iii).[2] To punctuate this notion, Congress further provided that the contingent-fee award at the administrative level was to be approved "at the time of the favorable determination." 42 U.S.C. § 406(a)(2)(A). Consequently, while the court has little difficulty with the position of the Commissioner were a lodestar calculus applied, it has considerable difficulty accepting the Commissioner's argument that she has exclusive jurisdiction to fix a partial contingent-fee corresponding to agency-related services where, as here, the agency decision was unfavorable to the claimant, and a favorable decision was secured only by successfully challenging the agency decision in the courts.

*Gisbrecht* clearly seems to confirm the authority of the district courts, which it found to be "accustomed to making reasonableness determinations in a wide variety of contexts," to assess the reasonableness of a contingent-fee where counsel seeks such a fee under 42 U.S.C. § 406(b) upon successfully challenging the Commissioner's final adverse decision[3]. In that connection, the Court specifically instructed that the appropriate approach is to compare the "amount of time counsel spent on the case" with the amount of fee sought. 122 S.Ct. at 1828. It further noted, "[i]n that regard, the [district court] may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the

fee agreement, **a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases.**" *Id.* (emphasis added). What the phrase "record of hours spent representing the claimant" may mean bears on the outcome of the instant case.

The phrase is not ambiguous, having significant roots in the practical fact that contingent-fees normally are not considered divisible. Instead, these kinds of fees customarily represent compensation for the total amount of work performed by an attorney up to the point of recovering for the client, which is at the natural conclusion of the case. To put it differently, contingent-fees represent the sum total of all of counsel's efforts on behalf of the client up to the point of achieving a favorable result which result, in turn, creates the fund, or "pot" if you will, from which the fee is to be taken. If the favorable result occurs at the agency level, then statutorily, Congress has granted the Commissioner authority to approve the fee. However, if the court renders a final judgment which establishes entitlement to the monetary fund on which the contingent-fee is calculated, the sum-total of counsel's efforts to that point necessarily would need to be accounted for in determining the reasonableness of the fee. Had the Supreme Court attached any other meaning than this to the phrase "record of the hours spent representing the client," it certainly could have said so. In other words, it easily could have said "record of

---

**2.** The phrases "favorable determination" and "determination favorable to the claimant" appear three separate times in § 406(a). Each time, the context of the statute makes clear that such determination is being made at the agency level.

**3.** The Act provides: "Whenever a court renders a favorable judgment to a claimant...

represented by an attorney, the court may determine and allow as part of its judgment a reasonable fee.... not to exceed 25 percent of the total of the past-due benefits.... In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph." 42 U.S.C. § 406(b)(1).

hours representing the client **before the court**," but it did not.

How, then, can the Commissioner square either with the Act or with *Gisbrecht*, or both, her assertion that Congress granted her exclusive authority to assess partial contingent-fees, or to fix any fee for that matter, where the favorable determination emanated from the court on review of an agency decision that would not have provided any benefits to the claimant at all? The undersigned does not believe she can. By the same token, where a claimant prevails before the administration, thus obviating the necessity to appeal to the federal courts, the Commissioner would be the arbiter of the contingent-fee, though under a statutory standard that differs somewhat from that articulated in *Gisbrecht*.

The undersigned realizes that, with the demise of the lodestar analysis in Social Security contingent-fee cases brought about by *Gisbrecht*, the Commissioner just might become the agency equivalent of the "Maytag repair man" in the contingent-fees arena. Of course, that would depend on the frequency with which claims for benefits are granted at the agency level. However, her position in this case, namely that the court lacks authority to consider time spent by a claimant's counsel before the agency when making a determination of the reasonableness under *Gisbrecht*, is supported neither by the plain language of the Act nor by what now is the controlling decisional authority. Moreover, her position ignores the otherwise indivisible nature of contingent-fees.

In the end, it is this court's view that though not directly addressed in its opinion, the Commissioner's argument was not lost on the *Gisbrecht* Court, which provided justifiable, if not just, guidelines for the lower federal courts to assess the reasonableness of contingent-fees on a basis that would compensate counsel in a manner consistent with the expectations created by the fee agreement with the client and the statutory framework. Thus, the plaintiff's seemingly never-ending journey will be concluded.

Following this approach, the contingent-fee sought in this case, namely $9,447.25. would be compared against the 50.37 hours shown by counsel's "record of the hours spent representing the claimant," producing a hypothetical hourly rate of $187.55. No one in this District could challenge the reasonableness of such an hourly rate with a straight face. This is so because, having been among those lodestar jurisdictions before *Gisbrecht* was decided, the court is familiar with the hourly lodestar rates routinely awarded counsel who handle these kinds of cases in this geographic area. *See* 122 S.Ct. at 1823; *Craig v. Secretary, Dept. of Health and Human Servs.*, 864 F.2d 324 (4th Cir.1989). Those rates most recently have ranged at or above $200.00 per hour, far above the rate derived in this case by comparing the amount of the fee claimed and the number of hours counsel spent representing his client.

For these reasons, the undersigned declines to embrace the notion that, by considering the total number of hours counsel has spent on the case as a factor to determine the reasonableness of the contingent-fee sought in this case, the court somehow is stepping into the exclusive territory of the Commissioner to assess a fee for counsel's administrative services. Instead, this court will exercise what it believes to be its statutory authority to determine the reasonableness of a contingent-fee by assessing all the efforts of counsel to this point, as reflected in *Gisbrecht*. By separate order, the Commissioner's objections will be overruled, and the court will award plaintiff's attorney, Robert A. Williams, Esq., the sum of Nine Thousand Four Hundred Forty–Seven & 25/100 Dollars

($9,447.25) as a reasonable contingent-fee under 42 U.S.C. § 406(b), which amount represents 25% of plaintiff's past due benefits as provided for in the contingent-fee agreement between counsel and his client. The Order will direct that the fee here awarded first be paid out of the sums withheld from plaintiff's benefits as provided by law.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.