**Owen C. HENSHAW, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A. 3:02CV00085.**

United States District Court, W.D. Virginia, Charlottesville Division.

May 4, 2004.

Charles Cooper Geraty, III, Geraty, Macqueen & Vitt, PLC, Charlottesville, VA, for Plaintiff.

Julie C. Dudley, United States Attorneys Office, Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Before the court is counsel for the plaintiff's December 18, 2003 petition for attorney fees pursuant to 42 U.S.C. § 406(b). Counsel requests this court award $18,833.75 in attorney's fees for both administrative and court-related services performed on the plaintiff's behalf.[1]

---

1. Counsel's petition originally sought an award of $25,018.25. This amount represented a 25% contingency fee based on the original calculation of plaintiff's past due benefits.

Counsel's amended fee request has been adjusted to reflect the most recent calculation of benefits awarded to the plaintiff.

Under authority of 28 U.S.C. § 636(b)(1)(B), the petition was referred to the presiding United States Magistrate Judge for proposed findings of fact and a recommended disposition. On March 18, 2004, the magistrate judge filed a Report and Recommendation, in which he recommended that the motion be granted and that counsel be awarded the full amount of fees requested. On April 2, 2004, the defendant filed a timely objection to the Report and Recommendation. Accordingly, the court has performed a *de novo* review of those portions of the Report and Recommendation to which objections were made. *See* 28 U.S.C. § 636(b)(1)(C) (West 2003); FED. R. CIV. P. 72(b). Having thoroughly considered the entire case, all relevant law, and for the reasons stated herein, the court shall accept the Report and Recommendation of the magistrate judge, overrule the Commissioner's objection, and grant counsel for the plaintiff's amended fee petition.

## I. Background

In July 1998, the plaintiff, Owen C. Henshaw, Jr., applied for disability insurance benefits under Title II of the Social Security Act, alleging that he became disabled on or before September 30, 1996. To assist with his claim, the plaintiff retained C. Cooper Geraty, an attorney who specializes in social security matters. Mr. Henshaw's fee agreement with his attorney specified a contingency fee of 25% of the plaintiff's past due disability benefits should any such benefits be awarded.

At the agency level, the plaintiff received a partially favorable outcome with an award of Supplemental Security Income benefits. The presiding Administrative Law Judge, however, denied the plaintiff's claim for disability benefits, a ruling that became the final decision of the Commissioner when the Appeals Council denied review on May 10, 2001. Dissatisfied with this result, the plaintiff subsequently filed a complaint with this court seeking review of the Commissioner's denial of benefits. On April 21, 2003, following a careful review of the record, this court determined that the Commissioner's decision was in error and thus should be reversed. Accordingly, the court recommitted the case to the Commissioner to calculate and to award disability benefits for a period to commence not later than September 30, 1996.

Based on the plaintiff's success on appeal to this court, counsel for the plaintiff filed a timely petition for attorney's fees pursuant to 42 U.S.C § 406(b). The Commissioner responded to counsel's petition, asking the court to limit recovery of attorney's fees to an amount she contends would provide reasonable compensation for counsel's court-related services. Pursuant to this court's referral order, the magistrate judge filed a Report and Recommendation, in which he recommended that counsel's fee petition be granted and that counsel be awarded the full amount of fees requested. The Commissioner formally objects to the recommendation of the magistrate judge that the time counsel spent representing the plaintiff before the agency should be considered as part of the court's determination of the reasonableness of the fee requested under the authority of § 406(b).

## II. Analysis

Pursuant to Section 406 of Title II of the Social Security Act, attorney's fees are available for successful representation of disability claimants. 42 U.S.C. § 406 (West 2003). Section 406 is divided into two subsections, each of which provides independent legal authority for the dispensation of attorney's fees by the Commissioner of Social Security and by the federal courts. Section 406(a) governs attorney's fees for successful representation in ad-

ministrative proceedings before the Commissioner. This subsection provides that whenever the Commissioner makes a determination favorable to an individual claimant, the Commissioner shall fix "a reasonable fee to compensate [the claimant's] attorney for services performed by him in connection with [the] claim." 42 U.S.C. § 406(a). Section 406(b), meanwhile, controls attorney's fees for representation in federal court. It provides that:

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

§ 406(b). Fees payable under § 406(a) and (b) are payable out of, rather than in addition to, the past-due benefits awarded to the claimant. *Id.* Such fees "establish the exclusive regime for obtaining fees [from clients] for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart,* 535 U.S. 789, 795–96, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002).[2]

Until recently, it has been accepted law within this judicial circuit that federal courts are to award attorney's fees pursuant to § 406(b) without taking into consideration the services an attorney may have performed before the Commissioner. *Morris v. Social Security Administration,* 689 F.2d 495, 497 (4th Cir.1982); *Whitt v. Califano,* 601 F.2d 160, 161–62 (4th Cir. 1979). This division reflected appropriate concern for the preservation of the inde-

pendent jurisdictional spheres of the Social Security Administration and the federal courts. *See Morris,* 689 F.2d at 497. Application of this general principle has recently become somewhat murky in light of the Supreme Court's opinion in *Gisbrecht v. Barnhart,* which overruled in substantial part the prevailing approach to § 406 fee petitions within the Fourth Circuit. In *Gisbrecht,* the Court resolved a split among the circuits, holding that lawful contingency fee contracts should serve as the starting point for courts in determining an appropriate fee award under § 406(b). 122 S.Ct. at 1823–24. In so doing, the Court noted that while the "lodestar method today holds sway in federal-court adjudication of disputes over the amount of fees properly shifted to the loser in the litigation, ... [f]ees shifted to the losing party are not at issue" in claims under § 406. *Id.* at 1825. Rather, the Court emphasized that fees payable under § 406 are "of another genre" in which attorneys and clients characteristically enter into contingent-fee agreements. *Id.* at 1825–26.

■ Based on this understanding, the Court concluded that § 406 is not intended to "displace contingency-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 1828. Thus, while a contingency agreement should be given significant weight in fixing a fee, a reduction in the resulting fee may be in order in certain circumstances. *Id.* For example, a fee may be appropriately re-

---

2. Attorney's fees may also be available in some cases under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. Such fees are payable, not by an individual claimant, but by the government itself and are limited to those cases in which the government's position was not substantially justified. § 2412(d)(1)(A). An EAJA award offsets, rather than supplements, an award of fees pursuant to § 406.

duced as unreasonable if the quality of representation is substandard, if the attorney is responsible for delay, or if the fees are large in comparison to the time counsel spent on the case. *Id.*

Since the Court's decision in *Gisbrecht*, there has been substantial disagreement within this judicial district concerning the manner in which courts are to review § 406 fee petitions.[3] The central point of dispute concerns the very issue confronting this court—whether, in testing a contingent fee for reasonableness, a court may consider the work done by the claimant's attorney at the agency level in addition to the work performed during the judicial phase of the proceedings. Judge Kiser has held, on the one hand, that the law absolutely prohibits a court from considering any work done at the agency level in reviewing a § 406 fee petition. *Brown v. Barnhart*, 270 F.Supp.2d 769 (W.D.Va. 2003); *Dodson v. Barnhart*, No. 4:00CV00022, 2002 WL 31927589 (W.D.Va. Oct. 22, 2002) (unpublished disposition). On the other hand, a handful of reviewing judges has determined that although a reviewing court may not award fees for work done at the agency level, the entire time and effort spent by an attorney working on an individual claim, including that before the agency, may be taken into account when evaluating the reasonableness of a contingency fee arrangement. *Mudd v. Barnhart*, No. 6:02CV00032 (W.D.Va. Nov. 17, 2003) (Conrad, J.) (order granting attorney's fees); *Thompson v. Barnhart*, 240 F.Supp.2d 562 (W.D.Va.2003) (Crigler, Mag. J.); *Martin v. Barnhart*, 225 F.Supp.2d 704 (W.D.Va.2002) (Crigler, Mag. J.); *see also Deane v. Barnhart*, No.

3:02CV00044 (W.D.Va. Nov. 21, 2003) (Moon, J.) (amended order granting attorney's fees). It is the view of this court that the latter (and prevailing) view represents a correct understanding of the law following *Gisbrecht*.

In reaching this conclusion, the court is persuaded by several considerations. First, a fair reading of the terms of the statute itself, in conjunction with the Court's understanding of the fee regime at issue, suggests that an award of fees is granted (or not) by the authority before which the claimant met with success. As both the magistrate judge and counsel for the plaintiff note, § 406(a) provides for an award of attorney's fees by the Commissioner whenever, in any claim for benefits before the Commissioner, the Commissioner makes a determination favorable to the claimant. § 406(a)(1), (a)(2)(A). In other words, if a claimant succeeds in his claim at the agency level, it is undoubtedly the exclusive province of the Commissioner to determine the proper fee award. *Thompson*, 240 F.Supp.2d at 563–64.

By contrast, when a claimant fails at the agency level and subsequently prevails in federal court, it is necessarily within the authority of the presiding court to set the attorney's fee in accordance with the requirements of the law. Because the claimant's award of past-due benefits arises only by challenging the agency's final determination in federal court, it stands to reason that any fee award that is *contingent* upon success be fixed by the tribunal in which the successful result was obtained. The notion that the Commissioner has exclusive jurisdiction to fix a

---

**3.** Across the relatively few other federal districts to have addressed this issue, similar disagreement exists. *Compare Hearn v. Barnhart*, 262 F.Supp.2d 1033 (N.D.Cal.2003) and *Hussar–Nelson v. Barnhart*, No. 99–C–0987, 2002 WL 31664488 (N.D.Ill. Nov. 22, 2002)

(unpublished disposition) (both taking into account work performed at the agency level), *with Roark v. Barnhart*, 221 F.Supp.2d 1020 (W.D.Mo.2002) (declining to consider time spent before the agency in determining the reasonableness of the fee).

partial contingent fee for services rendered before the agency but resulting in an unfavorable determination runs counter to both precedent and logic. *See Thompson,* 240 F.Supp.2d at 563–64. Rather, a federal court may award a fee that is reasonable under the circumstances of the particular case before it and may, in so doing, take into account the efforts undertaken by the claimant's attorney at all stages of the representation. *Mudd v. Barnhart,* No. 6:02CV00032 (W.D.Va. Jan 8, 2004) (memorandum opinion denying motion to amend judgment); *see also Gisbrecht,* 535 U.S. at 808, 122 S.Ct. 1817 (indicating that a reviewing court may consider the hours spent representing the claimant as "an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement").

Second, the court is persuaded that the *Gisbrecht* opinion caused a seismic shift in the manner in which attorney fees are to be awarded and that this substantial change renders the prior approach unsuitable. The Court's rejection in *Gisbrecht* of the lodestar approach in favor of a contingency fee approach supports a particular framework for fee awards that does not lend itself to simple partition. By custom, contingency fee arrangements "represent compensation for the total amount of work performed by an attorney up to the point of recovering for the client," generally at the conclusion of the case. *Thompson,* 240 F.Supp.2d at 564. Accordingly, under a contingency fee system, it makes little sense to assess the reasonableness of the fee sought without consideration of all of the legal service provided throughout the full course of the adjudication. *Mudd v. Barnhart,* 6:02CV00032 at 3 (W.D.Va. Nov. 17, 2003) (order).

██ With these considerations in mind and having carefully reviewed the entire record, the court finds that an attorney's fee award of $18,833.75 is reasonable based on several factors, including the following: the 31.4 hours expended by counsel on court related activities; the 44 hours spent by counsel representing the plaintiff at the agency level; the contingent nature of the fee and the expectations of the parties to the fee agreement; the quality of representation; and the absence of any delay caused by counsel. The court finds, as did the magistrate judge below, that a fee that approximates $250.00 per hour does not constitute a windfall, but rather is more than reasonable for counsel's efforts in this case.

### III. Conclusion

For the foregoing reasons, the court finds that an award of attorney's fees in the amount of $18,833.75 is reasonable. Accordingly, the court will accept the Report and Recommendation of the magistrate judge, overrule the objections of the Commissioner, and grant counsel's fee request. An appropriate order shall this day enter.

### *ORDER*

For the reasons stated in the accompanying memorandum opinion, it this day

### ADJUDGED, ORDERED, AND DECREED

as follows:

1. The Report and Recommendation of the United States Magistrate Judge, filed March 18, 2004, shall be, and it hereby is, ADOPTED in its entirety;

2. The plaintiff's motion for an award of attorney's fees under pursuant to 42 U.S.C. § 406(b), filed December 18, 2003, shall be, and hereby is, GRANTED;

3. Counsel for the plaintiff shall be, and hereby is, awarded the sum of Eighteen Thousand Eight Hundred Thirty-three and 75/100 Dollars ($18,833.75) in

fees, which reflects twenty-five percent (25%) of the plaintiff's retroactive benefits.

The Clerk of the Court hereby is directed to send a certified copy of this Order to all counsel of record and to Magistrate Judge Crigler.